EMILY TOLAND v. SWEARINGEN & SMITH.

1. Securities on replevy bond for property seized under a distress warrant are liable only for return of the property after judgment foreclosing the lien fixed by the levy; hence it is *held*, that if the plaintiff either consent to take a mere personal judgment, or if he fail to establish his claim to foreclosure, he has lost all remedy against the property levied on, and the sureties on replevy bond are released.

2. In the absence of proof of insolvency of the principal in a replevy bond, suit cannot be maintained against the sureties.

APPEAL from Washington. Tried below before the Hon. I. B. McFarland.

On November 13, 1866, Emily Toland sued out a distress warrant against W. H. King, J. F. Toland and J.

F. W. Toland, which was levied on twenty-seven bales of cotton.

On November 16, 1866, W. H. King, with sureties P. H. Swearingen and J. J. Smith, replevied the cotton.

At the February term, 1871, judgment was rendered against King, Toland and Toland for the amount of rent claimed and costs.

On September 20, 1872, plaintiff brought her suit against the sureties on the replevy bond, Swearingen & Smith, which suit was submitted to the judge, jury waived, upon the record of the former case—affidavit, distress warrant, replevy bond, and judgment—no evidence being furnished of King's insolvency, except the sheriff's return on the execution "not satisfied."

Judgment for the defendants.

*Giddings & Morris*, and *Walton, Green & Hill*, for appellant.—If the cotton had not been replevied, Mrs. Toland could have procured an order to sell it to satisfy the judgment. (Sayles' Treatise, 434.)

If the property has been replevied, the plaintiff will then have an action against the sureties on the bond—without the necessity, it is presumed, of joining the principal in the suit, as he is bound by the judgment. (Sayles' Treatise, 494.)

The sureties cannot be included in the judgment for the rent. (Sayles' Practice, 702; 17 Texas, 638, Weir v. Brooks.)

What is the approval of a bond by an officer? (14 Texas, 338, Holman v. Chevallier; 3 Texas, 25, Burdett v. Marshall; 28 Texas, 590, Evans v. Pigg; 29 Texas, 128, Russell v. McLane.)

Technicalities are not favored by the courts. (14 Texas, 461, Gothan v. Reily.)

According to the nature of the obligation of a surety,

his liability is secondary to and dependent upon that of his principal, and we accept the rule as stated in Pothier on Obligations, Vol. 1, p. 300: "If the principal is not obliged, neither is the surety, as there can be no accessory without a principal obligation."

This is a common law action on a bond, in which the principal undertook, under pain of forfeiture of a penal sum, to do a certain act provided a certain event took place. The event did take place; he did not do the act. Was he legally bound to do the act undertaken in the bond? If yes, his surety is equally bound.

That appellant was entitled to her distress warrant is unquestioned. She had employed the remedy provided by the law and secured her debt. The law provided the manner in which the debtor might substitute one security for another — not a means of evading the debt. The parties intended to secure the debt. They intended to bind themselves as recited in the bond, viz.: "That if defendant is condemned in the above entitled action, he or some other person will return the property, in specie, to satisfy the judgment which may be rendered."

We invoke the law as laid down by this court in Jones v. Hays, 27 Texas, 1.

We know of no better proof of a party's notorious insolvency than that a judgment of a court against him cannot be collected. The law presumes the sheriff's return true. The sheriff's return, introduced as evidence in this case, showed that the principal was insolvent. Had he been solvent the execution would have been satisfied.

The breach of the bond was amply proven. The principal was condemned, and he, nor any one for him, returned the property to satisfy the judgment.

The bond was not conditioned that defendants' twenty-seven bales of cotton should be condemned to be sold, nor that any lien on said cotton should be foreclosed.

But the bond did, by force of law, deprive the plaintiff of the benefit of one security (viz., a lien on property), and substitute another (viz., a personal security). Suppose the judgment had foreclosed plaintiff's lien on the cotton, etc., and upon inquiry it had been found that the cotton had been sold to a third party, would the plaintiff be bound to follow it into the hands of such third party? Or if so followed, could the lien be maintained? Or would it not rather be held that the delivery bond was a security which had taken the place of the lien? The very intent of the law in providing for a replevy of the property attached or levied on is to discharge the property from the lien thus obtained, and by securing the debt (to the creditor) otherwise, give the debtor unencumbered enjoyment and control of his property. (See Bl. Com., Vol. 3, margin, p. 148.)

It is said: "Certainly as the end of all distresses is only to compel the party distrained upon to satisfy the debt or duty owing from him, this end is as well answered by such sufficient sureties as by retaining the very distress, which might frequently occasion great inconvenience to the owner, and that the law never wantonly inflicts."

Nothing could be more erroneous and misleading than the position taken by counsel for appellees; that the lien having been secured by the levy of the distress warrant, after the replevy "the property was held by the defendant and his securities, subject to the lien, and to abide the judgment rendered in the cause."

After bond filed, the property was no longer of necessity *in custodia legis*, but the defendant could sell or in any manner dispose of the legal title to it, and the person purchasing or receiving it would get good title. A due regard for the public welfare, in making binding and efficient the securities afforded by the law in such cases,

requires that this court indulge no leniency toward the surety on this bond on grounds of its being a hard action as against him.    It lacks the claims of the surety on ordinary contracts, to clemency.    In this case the sureties undertake to answer for one already tainted by the affidavit of his creditor with the charge of bad faith.    He joins with the debtor in taking the property from the custody of the officers of the law, and the law should hold both to a strict accountability.

*Sayles & Bassetts*, for appellees.—The defendants insist that whatever lien was acquired by virtue of the levy of the distress warrant was abandoned in the personal judgment rendered in the suit of Toland v. King *et al.*, it being a judgment for money, without a foreclosure of the lien or order of sale, and that the plaintiff, not being entitled under the judgment to demand a return of the property in specie, could have no action on the bond.

The statute gives the landlord a lien upon the property of the defendant raised upon the premises (Pas. Dig., Art. 5027) ; and for the preservation of the lien it authorizes the seizure of the property by a distress warrant. (Pas. Dig., Art. 5028.)    A lien is a claim that one person has upon the property of another as a security for some debt or charge.    (Bouv. Law Dic.)    The seizure of the property does not change the estate of the defendant in the property attached.    (Bigelow v. Wilson, 1 Pick., 485; Blake v. Shaw, 7 Mass., 605 ; Cocker v. Pierce, 31 Maine, 177 ; Snell v. Allen, 1 Swan, 208.)    Nor does it take away his power of transfer, either absolutely or in mortgage, subject to the lien.    (Denny v. Willard, 11 Pick., 485 ; Fettyplace v. Dutch, 13 Pick., 388 ; Wheeler v. Nichols, 32 Maine, 233.)    Accordingly, it has been held by this court, in the case of an attachment lien, that to make it available it must be carried into a judgment, and that a

judgment *in personam*, without a foreclosure of the lien, is an abandonment of the attachment. (Cook v. Love, 33 Texas, 487.) The statute (Pas. Dig., Art. 1487) prescribes the manner of enforcing specific liens, directing that the judgment shall be that the plaintiff recover his debt, and that an order of sale shall issue, directing the sale of the property subject to the lien.

In this case the plaintiff had a landlord's lien upon the crop raised upon the premises; that lien was secured by the levy of the distress warrant, and the property was held by the defendant and his securities, subject to the lien, and to abide the judgment rendered in the cause. The plaintiff failed to mature and perfect that lien by judgment (Cook v. Love, 33 Texas, 487); in other words, abandoned it, and lost her right to satisfy her judgment out of this specific property, and to claim its return in specie.

Should it be held that an action can be maintained and a judgment rendered against the securities, without joining the principal, on a bond given in one case for a default committed in another suit between different parties, and that the obligors in the bond were required to deliver the property in specie to satisfy a personal judgment, where the lien upon the specific property was abandoned by the failure to have an order of foreclosure or sale, then the appellees insist that the bond cannot be enforced on account of the irregularities in the proceedings under color of which it was exacted. The bond was given *in invitum*, and to entitle the plaintiff to an action thereon she should show a strict compliance with the law. In all proceedings by which the property of a citizen is seized by attachment or other process before judgment, a strict, exact and literal compliance with the requirements of the statute must be shown. (Caldwell v. Haly, 3 Texas, 321; Givins v. Taylor, 6 Texas, 320; Culbertson v. Ellison, 20

Texas, 102.) In Weir v. Brooks, 17 Texas, 658, it is held that the sureties of the defendant in a replevy bond given in a proceeding by distress warrant cannot be included in a judgment against the principal, and that their liability does not accrue until failure to deliver the property; but if so included they may, on error, assign any errors which the principal could assign. In Marshall v. Alley, 25 Texas, 342, an attachment was quashed, because the amount due did not clearly appear from the allegations of the petition. And in Weir v. Brooks, 17 Texas, 638, it was held that judgment could not be rendered against the securities on the replevy bond, because it did not appear that affidavit had been made showing cause for issuing the distress warrant.

It does not appear that the condition of the bond was broken before suit was brought. The only execution on the judgment in favor of Emily Toland v. King *et al.* was issued on the eighteenth of September, 1872, and returnable on the first Monday of October. This suit on the bond was commenced on the twentieth of September, two days after the issuance of the execution, and ten days before the return day of the writ; the execution not having been, in fact, returned until the twenty-sixth of October. Until the execution was placed in the hands of the sheriff, he had no authority to demand, and the defendants were not authorized to deliver to him the specific property to satisfy the judgment. (Haley v. Greenwood, 28 Texas, 680.) But the defendants had the right to relieve themselves from the alternative condition of their bond by the delivery of the property to the sheriff at any time before the return of the execution, yet suit is commenced for the breach of the bond before the time for performance had passed.

McAdoo, J.—There are two grounds at least on which the judgment of the District Court must be affirmed.

1. A simple personal judgment was taken, and none rendered foreclosing the lien on the property attached. It is no answer to this position that the property levied on was turned over by the sheriff to the defendant in the distress warrant, and that he may have disposed of the same. This kind of action—by distress warrant—is a proceeding *in rem;* the property rightly seized under such a warrant is such as makes it specially bound for the payment of the rent debts. A distress warrant could not be levied on a tract of land belonging to the defendant in the distress warrant. The mere fact that it is levied on certain specific property made by law subject to seizure, is what gives jurisdiction to the District Court of a case originating with a justice of the peace. It is true after the levy of the distress warrant on property subject to such levy, and a return of the papers into the District Court, the suit there should be for a personal judgment against the rent debtor; but in order to hold the sureties on the replevy bond liable, there must be a judgment *in rem*, a foreclosure of the attachment lien. If the plaintiff be content to take a mere personal judgment against the rent debtor, or if he fail to establish his claim to a foreclosure, and thereby obtain a mere personal judgment, then the replevy bond becomes *functus officio*. The levy is abandoned in the one case, and lost in the other. A replevy bond is not a security for the debt sued on, but is a security for the forthcoming of the very property levied on, or its value. If the very property be abandoned by the plaintiff, if he take no judgment of foreclosure upon it, then the sureties are released. It is not like taking a non-suit as to an ordinary surety, which may be followed up by a new suit. It is a clear abandonment of the cause of action as against the obligors on the replevy bond. The liability of the obligors does not arise until after judgment against the debtor. They did

not stand good for debt, but for the property. The judgment ignores the property, and there is nothing in the judgment for them to respond to.

This court held in Cook v. Love, 33 Texas, 487, that in order to make an attachment lien available, it must be carried into a judgment, and that a judgment *in personam*, without a foreclosure of the lien, is an abandonment of the attachment. And in Johnson v. Murphy, 17 Texas, 217, it was held, where suit was instituted on a note, and to foreclose a mortgage given to secure it, and a judgment was taken only on the note, and without an order of foreclosure or sale, that it was, as to the mortgage, *res adjudicata*, and that another suit to foreclose the mortgage could not be instituted.

2. The other ground is, it is not made to appear that at the date of the institution of this suit against the sureties on the replevy bond, the principal (King) was insolvent.

The testimony was not sufficient, and in the absence of such testimony the suit could not be prosecuted against the sureties without a joinder of the principal with them. There are other grounds presented in the record which, we think, would defeat the appellant in this action, but we deem it unnecessary to notice them.

The judgment of the District Court is affirmed.

AFFIRMED.