### C. J. WISE v. A. V. D. OLD.

(Case No. 1131.)

1. LANDLORD'S LIEN — WAIVER OF. — A landlord waives his lien on property seized under a distress warrant, when he proceeds to take a personal judgment without foreclosing his lien on the property.

ERROR from Marion. Tried below before the Hon. B. T. Estes. The opinion states the case.

*Geo. T. Todd*, for plaintiff in error.

*Chas. A. Culberson*, for defendant in error.—  .  .  .  It was not necessary that there should be a foreclosure of the lien in the court at Marion county, or in the court at Morris county. The court at Morris county lost jurisdiction when the plaintiff in error made oath and gave bond as claimant, and had no authority to foreclose the lien. R. S., arts. 4829, 4830 and 4832. The court at Marion county had no authority to enter a judgment of foreclosure, because the only judgment authorized by law is one against the sureties and claimant for the value of the property, with interest. R. S., art. 4843. Upon the claimant making oath and giving bond, the case went to the district court of Marion county, the county court there not having jurisdiction in civil causes, and the man Leake was not a proper or necessary party. Acts 1879, p. 68; R. S., art. 4832.

BONNER, ASSOCIATE JUSTICE.— The judgment under revision was rendered by the district court of Marion county, on a proceeding instituted for the trial of the right of property to six bales of cotton claimed by the plaintiff in error, C. J. Wise. It appears from the

record that the defendant in error, A. V. D. Old, had previously, in Morris county, instituted proceedings by distress warrant against his tenant, Samuel C. Leake, and had caused to be levied upon certain property in that county. The property claimed by Wise had been levied upon by the sheriff of Marion county by virtue of a writ, which had also issued under the proceedings by distress warrant in Morris county. This cotton had been carried into Marion county by the tenant Leake and sold to Wise for a valuable consideration without notice of the landlord's lien on it. Wise claimed under this sale, Old claimed the landlord's lien.

In the proceedings by distress in Morris county, a personal judgment was rendered in favor of Old, the landlord, against Leake, the tenant, for $337.50, and foreclosing the lien on the property levied on in Morris county, but which was not sufficient to satisfy the judgment. No foreclosure was had in the district court of Morris county as to the lien on the property in controversy, and which had been levied upon by the sheriff of Marion county, and no mention whatever made of it in that judgment. On the trial of the right of property, judgment was rendered in favor of the landlord, Old, and against the purchaser, Wise, for $240, the value of the cotton, with interest, and ten per cent. damages under the statute; from which this writ of error is sued out. The first proposition under the first assignment, and which is authorized by it, is that the lien of Old was waived and abandoned by the judgment taken in the district court of Morris county, the same not having been foreclosed.

We think the proposition correct under the authorities, and that it is decisive of this case, and that the judgment should be reversed. Toland v. Swearingen, 39 Tex., 447; Gentry v. Lockett, 37 Tex., 503; Cook v. Love, 33 Tex., 487.

The judgment is reversed, and judgment will be rendered in this court in favor of Wise, plaintiff in error.

REVERSED AND RENDERED.

[Opinion delivered October 24, 1882.]