ALBANY,
January, 1819.

GILLESPIE
v.
WHITE.

## GILLESPIE *against* WHITE.

IN ERROR, to the Mayor's Court of the city of *New-York*.

The defendant in error, brought an action of debt on a recognizance of bail, against the plaintiff in error, in the Court below. The declaration stated, that the defendant in the Court below, became special bail in an action pending in that Court, for one *William Swann*; and that a judgment was rendered against *Swann*, for damages and costs, which he had not paid, nor rendered himself in custody.

The defendant below pleaded, that according to the course and practice of the Mayor's Court, all writs of *ca. sa.* to charge bail, should be left in the sheriff's office four days exclusively, before the return day thereof, and that no *ca. sa.* was issued against *Swann*, and left in the office of the sheriff of the city of *New-York* four days, exclusively, before the return day thereof, and upon which, such sheriff had returned, that *Swann* was not found in his bailiwick, as ought to have been done before the commencement of this suit.

The plaintiff below replied, that on the third *Monday* of *August*, 1814, a writ of *ca. sa.* against *Swann* was issued out of the Mayor's Court, directed to the sheriff of *New-York*, returnable on the third *Monday* of *September*, then next, which writ, afterwards, and four days exclusively before the return day thereof, to wit, on *Thursday* the 15th day of *September*, in the year 1814, was left in the office of the sheriff of the city of *New-York*, by the plaintiff, and was delivered by the plaintiff, to *Simon Fleet*, esq. who there, and from thenceforth, until, and after the return of the writ, was sheriff of the city of *New-York*, to be executed in due

It is the practice of this court, when any act is to be done within a specified number of days, to consider the day on which notice is given, and the day the act is to be done, the ;one inclusive, and the other exclusive.

The rule of the Mayor's Court of the city of New-York requiring a *ca. sa.* against the principal, issued for the purpose of charging his bail, to lie *four* days in the sheriff's office exclusive of the return-day, means, that it is only the return-day which is exclusive, and not that the day on which the writ is delivered to the sheriff is also to be reckoned exclusively: and, therefore, the rule is satisfied by delivering to the sheriff on the 15th, a writ which is returnable on the 19th day of the month.

Whether bail, in an action on their recognizance, can plead that the *ca. sa.* against their principal did not lie *four days* in the sheriff's office? *Quære.*

The statute requiring a *fi. fa.* to be first issued, when the defendant puts in special bail, (1 *N. R. L* 502.) is for the benefit of the principal himself, and not of his bail, who cannot plead that no *fi. fa.* had been issued prior to the issuing a *ca. sa.*: nor is it necessary for the plaintiff, in declaring on a recognizance of bail, to allege a previous *fi. fa.* issued.

So, where a *ca. sa.* is issued after the year and day, without a *scire facias* to revive the judgment, the bail cannot take advantage of the objection.

form of law, at which day, to wit, on the said third *Monday* of *September*, then next, being the 19th day of *September*, in the year 1814, the said *S. Fleet*, returned that *Swann* was not found in his bailiwick.

To this replication, the defendant below demurred generally, and the plaintiff joined in demurrer. Judgment was rendered in the Mayor's Court against the defendant below, who brought a writ of error to reverse that judgment.

*Caines*, for the plaintiff in error. The 25th rule of practice of the Court below requires a *ca. sa.* issued against the principal, for the purpose of charging the bail, to lie *four* days in the office of the sheriff, exclusive of the return day. The question is, whether the four days are to be exclusive both of the day of delivery of the writ to the sheriff and the day of its return ? This must depend on the practice of the court. Is it then as a matter of practice pleadable ? Where matter of practice gives a right, or where the right is founded on the practice, it is pleadable. (2 *Sellon*, ch. 15. sect. 4. *Carthew*, 4. In *Pettifer's case*, (5 *Co.* 32.) matter of practice, as the awarding of execution against executors, upon two *nihils* returned on *scire facias*, was assigned for error. If assignable for error, it is pleadable. In *Dudlow* v. *Watchom and another*, (16 *East's Rep.* 39.) it was decided, that the practice of the Court was pleadable, where the merits of the case depended on it. The plea there was, that no *ca. sa.* against the principal was returned, before suing out the *scire facias* against the bail ; and the necessity of issuing the *ca. sa.* or not, depended altogether on the practice of the Court.

Again ; the declaration is defective. It does not state a sufficient cause of action. The statute (1 *N. R. L.* 500. 502. sess. 36. ch. 5. s. 7.) concerning judgments and executions, is express, that in cases where special bail is filed, no *ca. sa.* shall issue against the defendant, unless he is already in prison, until a *fi. fa.* has been issued in the Court, in which the defendant was arrested, and returned *nulla bona*. The plaintiff ought to have alleged the issuing and return of *nulla bona* to the *fi. fa.* ; and that the *ca. sa.* was thereupon issued. The attorney has followed the *English*

precedents, without considering that our statute has altered the practice. Where any circumstances are required by statute to make an act good, it must be averred. (*Plowd.* 105. *b.* 376. *b.*

*Sampson*, contra. The intention of the rule of the Court below is satisfied by four days, one inclusive, and the other exclusive. The issuing of a *ca. sa.* is considered almost a matter of form, in *England.* There is nothing in the statute which requires the writ to lie four days in the clerk's office, although it is rendered necessary that a *ca. sa.* against the principal should be issued and returned, before a suit can be commenced against the bail. (1 *N. R. L.* 324. sess. 36. ch. 17. s. 6.) Its lying in the office of the sheriff or not, is a mere matter of practice; and its being there less than four days, exclusively is, at most, but an *irregularity,* which is to be taken advantage of by motion, and not by pleading. (1 *Bac. Abr.* (*D.*) *Salk.* 602. 3 *Johns. Rep.* 246. 514. *Tidd's Pr.* 434.) If there had been no *ca. sa.* issued or returned, that might have been pleaded. But where there is a mere *irregularity* in the suing out, or return of the writ, the bail cannot take advantage of it, by pleading. (2 *Tidd's Pr.* 1044.) In *Donnelly* v. *Dunn,* (2 *Bos. & Pull.* 47.) *Buller,* J. said, that it was of importance to the public, and to the profession, to put an end to attempts to introduce upon the record questions of practice which cannot be considered as legal defences, but which belong rather to what may be called the equity side of the Court. The court decided, that the bail could not plead the bankruptcy and certificate of their principal, in their discharge.

*Caines,* in reply, said, that as the writ was regular, no advantage could be taken of the fact, which is now objected, but by pleading.

SPENCER, J. The plaintiff relies on two grounds for reversing the judgment: 1. That the *ca. sa.* did not lie four days, exclusively, before the return day, in the sheriff's office; and, 2. That there is no averment in the declaration that a *fi. fa.* had been issued against the principal.

Without entering into the question, whether the bail can plead that a *ca. sa.* against the principal did not lie four days in the sheriff's office. The replication states that fact ; it gives us the means of computing ; it was delivered to the sheriff on the 15th, returnable on the 19th of *September*, and was then returned *non est inventus* ; there are four days exclusive of the return day. It is the practice of this Court and the King's Bench, where any act is to be done within a specified number of days, to consider the day on which notice is given, and the day on which the act is to be done, the one inclusive, and the other exclusive, without any particular designation that the one or the other shall be exclusive. The terms of the rule of the Mayor's Court, as stated in the plea, according to my apprehension, require the writ of *ca. sa.* to lie four days in the sheriff's office, exclusive of the return day. The expression, four days exclusively before the return, mean only exclusive of the return day. This construction has been put upon the rule by the Court which is acting under it ; and I do not feel disposed to say that the construction is wrong ; indeed, I think it right.

The second exception is unfounded ; the statute 1 *N. R. L.* 502. requires a *fi. fa.* to be first issued where the defendant enters special bail ; this, we have decided, is for the benefit of the principal himself, and he alone can take advantage of that writ not being first issued. If a judgment is more than a year and a day old, there must be a *sci. fa.* to revive it ; and yet the bail cannot take advantage of a *ca. sa.* issued on such a judgment to ground proceeding against them, without a *sci. fa.*

Judgment affirmed.