Judgment and order reversed,<br>and new trial ordered.

## GALLARATI v. ORSER.

The judgment in replevin having been for damages only, and not for the delivery of the property, the sheriff is not liable for such damages by reason of the failure to justify of sureties who, on the arrest of the defendant in replevin, had given an undertaking for the delivery of the property if adjudged, and for the payment of such sum as for any cause might be recovered against such defendant.

To render him liable, there must be a judgment under the execution on which the property might be sought and delivered.

APPEAL from the Superior Court of the city of New York. Action by the assignee of one De Lachapelle. The latter had brought replevin against one Thompson, for certain personal property. The sheriff made return that the property had been concealed or removed, and an order was made for the arrest of Thompson, under subdivision 3, section 179 of the Code. The sheriff took a bond of Thompson and his sureties, in the form prescribed by sections 187, 211. The sureties being excepted to, failed to justify. Judgment was rendered against Thompson, not for a return of the property, and for its value if a delivery could not be had, but for the value simply. Execution was issued, in accordance with the judg-

Gallarati v. Orser.

ment, for the assessed value of the property, absolutely and not contingently upon the inability to have a delivery thereof. The execution was returned unsatisfied, and the plaintiff in this action claimed that the sheriff was liable in the same manner as the sureties of Thompson, and bound to pay the same damages which De Lachapelle had recovered, with interest. The defendant claimed that he was not liable, because there had been no judgment for the delivery of the property, and no execution, in the form prescribed by the Code, for such delivery. He raised this question by proper exceptions, at the trial, but the judge directed a verdict in accordance with the plaintiff's claim. A new trial was denied at special and at general term, and judgment having been perfected, the defendant appealed to this court. The case was submitted on printed arguments, by

*A. J. Vanderpoel,* for the appellant.

*F. H. B. Bryan,* for the respondent.

DENIO, Ch. J. The original plaintiff, having procured proper papers to be prepared for replevying the property, for the recovery of the possession of which the action was brought, and the sheriff having been unable to make replevin, in consequence of the concealment of the property by the defendant, an order for his arrest was obtained, pursuant to section 179, subdivision 3, and section 180, of the Code. The defendant having been arrested under that order, the plaintiff was entitled to an undertaking, with sureties, for the delivery to the plaintiff of the property, the possession of which was claimed in the action, if such delivery should be adjudged, and for the payment to the plaintiff of such sum as might, for any cause, be adjudged against the defendant; or, in default of such undertaking, the plaintiff had a right to have the defendant held in custody. This undertaking was applicable only to cases of replevin where the property had been concealed, so that replevin could not be made. This was added, in 1849, to remedy a defect in the prior provision. (Laws 1849, p. 653, § 187.) It may be

conceded, though the question is not, perhaps, entirely free from doubt, that under the provisions of section 201 of the Code, as it now exists, the sheriff, if he should discharge the defendant without his having given and justified bail to the effect above mentioned, would be liable, precisely as the sureties would have been liable if a proper undertaking had been given. This section 201 was written before the amendment of 1849, and primarily imposed upon the sheriff only the liability which he would have been under for discharging the defendant after an arrest in an ordinary action; but when the amendment of 1849, above mentioned, had been made, and by another amendment in the same act of 1849, the right to surrender, in discharge of the undertaking required in replevin cases, had been denied (Laws 1849, p. 654, § 188, subd. 2), it would probably be correct to hold, that section 201 was thereby modified so as to impose on the sheriff the liability mentioned in the added clause in the undertaking. This construction is, I think, required, to give consistency to the several provisions.

In this case there was a judgment for damages only, and not for a delivery to the plaintiff of the property of which replevin was sought. This was a departure from section 277 of the Code, which prescribes the terms of a judgment. It is required to be for the possession, or for the recovery of the possession, or for the value thereof in case a recovery cannot be had, and of damages for the detention. The plaintiff is not entitled to waive the claim to the possession, and to have an absolute judgment, in damages, to the value of the property. (*Fitzhugh* v. *Wiman*, 5 Seld., 559, 562; 2 R. S., 536, § 49.) The only final process which has been issued was the ordinary writ of *fieri facias*, upon which a return of *nulla bona* has been made.

Upon this state of the case I think the defendant was not liable. The sureties would not have been responsible on such an undertaking, if it had been given; and if they would not have been, the sheriff is not. No delivery of the property has been adjudged, and no process for such delivery has been or could be issued, for there was no judgment upon which such

a writ could have been based. The damages spoken of in the undertaking, for which the bail undertook to be liable, were such damages as might have been adjudged in connection with judgment for the delivery of the property, namely damages or the detention, or perhaps for any injury to it, and conditional damages, in case a return could not be had. The words "for any cause" are thrown into the section prescribing the terms of the undertaking (§ 211), but the damages there referred to must be such as may be awarded consistently with, and in connection with a judgment for the possession, and they would, no doubt, include the conditional damages which are required to be adjudged against the defendant, "in case a delivery cannot be had." The comprehensive words were added to embrace these, as well as the damages for detention. It is no answer to these views to say that the erroneous judgment which has been given, is not void, and perhaps not at this time voidable by the defendant. The plaintiff and defendant might agree to almost any judgment, or the plaintiff, upon the default of the defendant, and his neglect to move or bring an appeal, might obtain a very improper or incongruous judgment. But we are not to assume that the court would not, if the plaintiff had required it, have rendered a legal judgment which would have concluded not only the defendant, but his sureties and the sheriff. The consent of the plaintiff to take a judgment not appropriate to the action, or warranted by law, would, if the sureties and the sheriff were concluded, be changing their contract in a most material point. We cannot say but, if a proper judgment and an execution in conformity with it had been issued, the bail or the sheriff would have found the property and have caused it to be taken and delivered to the plaintiff, on the writ of *retorno habendo.* One of the most common principles in the law of principal and surety is that the latter cannot be charged beyond the fair import of his undertaking, nor where there has been any substantial change of the contract of the party for whose performance he has become responsible. To hold the defendant liable in this case would be a palpable

denial of that principle. The judgment must be reversed and a new trial awarded.

DAVIES, WRIGHT, SELDEN, EMOTT, BALCOM and MARVIN, Js., concurred.

ROSEKRANS, J., (dissenting). I concur fully in the views expressed by Mr. Justice BOSWORTH, in his opinion delivered in the court below, and think that the judgment should be affirmed, for the reasons stated by him. It is only necessary to add, that this court, in the cases of *Ingersoll* v. *Bostwick* (22 N. Y., 425), and *Johnson* v. *Carnley* (6 Seld., 570), held that the taking of judgment absolutely for the value of the property in an action of claim and delivery of personal property, instead of taking such judgment upon the condition that delivery of the property cannot be had, is a mere irregularity, and not a ground of reversal of the judgment on appeal. It has also been decided, in England and in this State, that bail cannot, in an action against them, take advantage of any irregularity in the judgment, or the execution issued upon it. (*Campbell* v. *Cumming*, 2 Burr., 1187; Pet. on Bail, 366, and authorities cited; *Gillespie* v. *White*, 16 Johns., 117.)

The judgment should be affirmed.

Judgment reversed and new trial ordered.