By the Court.—Sheldon, J.
Upon the return, there is no room for question as to the nature of the action, and what should have been the precise form of the judgment, in whose favor soever the justice might have determined the controversy. The action was instituted to recover the possession of specific personal property claimed, or its value if not reached by the officer, and damages for detention. It was not trespass or trover, but replevin, as those terms are understood in their full significance, and the case should have been considered and determined by the rules of law, and the statute, regulating the precise action. By the pleadings, both parties claimed the property, and demanded the possession of it presenting a distinct issue which the court had no power to disregard. The action is based upon the wrongful detention, and the object of the action is to obtain the property in specie, and when damages for the wrongful detention are allowed, they are a mere incident to the action (Savage v. Perkins, 11 How. Pr., 17).
If the property is not taken and delivered to the plaintiff, the value thereof is to be found and a judgment given therefor. In this case, the return of the officer was silent as to the property, but it appears that the defendant himself converted or sold it.
But, however it may have been, if the justice found in favor of plaintiff upon the main question, as undoubtedly he did, the precise form of the judgment is dictated by paragraph 10 of subdivision 10 of section 53 of the Code. The judgment must be for the possession or the delivery of the possession, or the value thereof in case a delivery cannot be had. This enables the defendant to restore the property in specie, thereby *28 satisfying the judgment pro tanto, and he cannot be compelled to pay the value, as found, until he has the opportunity to restore. Any other view of it might be ruinous to an innocent defendant, and allow the possessory action to be turned, at the plaintiff’s volition, into an action of trespass or trover.
In this case there was a judgment only for the value of the property as assessed, together with nominal damages and costs. This is a departure from the provisions of the statute above referred to, prescribing the terms of a judgment, and demands its reversal as being erroneous.
The question was considered in Gallarati v. Orser, 27 N. Y., 324, by which adjudication the rule is now definitely settled that the plaintiff is not entitled to waive the claim to the possession, and have an absolute judgment in damages, to the value of the property (Fitzhugh v. Wiman, 5 Seld., 559).
These adjudications are given in construction of section 277 of the Code, the provisions of which are analogous to those of the justice’s act to which I have alluded (see also 1 Wait's L. & P., 878).
I should incline to the opinion that the judgment was merely irregular, and the irregularity not a ground of reversal on appeal, and be disposed to direct an amendment on terms, but that question was decided adversely in 27 N. Y., 324, above cited, where the dissenting justice presented the question and was overruled, and it now being well settled upon principle and authority that the judgment was erroneous, and there being no power to amend, it must be reversed.
[Some remarks on another question, not of general interest, are omitted.]
The judgment should be reversed.
Verplanck, Ch. J., and Clinton, J., concurred.
Judgment reversed, with costs.