JOHN F HAGER, JR., AND OTHERS, PLAINTIFFS, *v.* GEORGE M. CLUTE AND JOHN HOLSINGER, DEFENDANTS.

*Action of replevin — judgment in — liability of sureties upon undertaking given in.*

Where, in an action of replevin, the plaintiff recovers a judgment for the possession of the property with damages for its detention, and for a fixed sum in case a return cannot be had, he cannot maintain an action against the sureties to an undertaking, given by the defendant, in pursuance of section 211 of the Code, until an execution has been issued to the sheriff in pursuance of the judgment and the same has been duly returned unsatisfied.

MOTION by defendants for a new trial on exceptions taken at the Erie Circuit, and ordered to be heard at the General Term in the first instance.

This action is brought upon an undertaking executed by the defendants, under the following circumstances: The plaintiffs in this suit instituted an action to recover the possession of specific personal property, and claimed its immediate delivery. The sheriff took the property, but before it was delivered to the plaintiffs the defendant in that action gave to the sheriff the undertaking in suit, executed by the present defendants, in his behalf. The undertaking is in the form prescribed by section 211 of the Code. Thereupon, the property was returned to the defendants. The plaintiffs recovered judgment in the alternative for the possession of the property, with fifty dollars damages for the detention, or for $207, together with fifty dollars damages in case a delivery could not be had, and for thirty-three dollars and eighty cents costs. No execution has been issued on the judgment.

A verdict was rendered in this action, by direction of the court, in favor of the plaintiffs, for $313.08.

*S. S. Rogers*, for the defendants.

*Lewis & Gurney*, for the plaintiffs. It is not necessary for the plaintiff in a replevin suit to issue an execution, and exhaust his remedy by execution before he can bring his action. (Thompson on Provisional Remedies, fol. 187, § 11; *Slack* v. *Heath*, 4 E. D. Smith, 95, affirmed, Ct. of App., June, 1860; *Marange* v. *Mudge*, 6 Abb., 243; *Livingston* v. *Hammer*, 7 Bosw., 671, 677; *In the Matter of Negus*, 7 Wend., 499; *N. Y. C. Ins. Co.* v. *Safford*, 10 How., 347; *Ball* v. *Gardner*, 21 Wend., 270; *Harris* v. *Hardy*, 3 Hill, 393.)

SMITH, J.:

By the terms of their undertaking the defendants became bound for the delivery of the property to the plaintiffs, if such delivery should be adjudged, and for the payment to them of such sum as might for any cause be recovered against the defendant in the action. The obligation created by the undertaking to pay "such sum as might be recovered" is an obligation to pay according to the terms and conditions of the recovery, and not otherwise. Section

277 of the Code provides that "in an action to recover the possession of personal property, judgment for the plaintiff may be for the possession, or for the recovery of possession, or the value thereof, in case a delivery cannot be had, and of damages for the detention." The judgment in this case is in accordance with that provision, and it adjudges that the defendants pay the value of the property *in case a delivery cannot be had*. The recovery for the value is not absolute, but conditional, and until the condition is complied with, the defendants are not liable for the value. To satisfy the condition it must appear that a delivery cannot be had by the ordinary process of law. The proper evidence of the fact is the issuing of an execution as prescribed by the Code (§ 289, subd. 4) and a return that delivery cannot be made. Section 211 is to be read in connection with section 277, and parties entering into an undertaking in pursuance of the former section are presumed to do it in view of, and with reference to, the provisions of the latter. Being sureties, they cannot be charged beyond the fair import of their undertaking. (*McCluskey* v. *Cromwell*, 11 N. Y., 593; *Wood* v. *Fisk*, 63 id., 245.)

These views are sustained by the cases of *Gallarati* v. *Orser* (27 N. Y., 324) and *Fitzhugh* v. *Wiman* (5 Seld., 559). *Gallarati's Case* was this: The defendant in replevin, on being arrested, had given an undertaking, as provided by sections 187 and 211, and was discharged by the sheriff. Subsequently, his sureties being excepted to, had failed to justify. The plaintiff recovered, and entered a judgment for the value only, and not for the delivery of the property, and for its value if a delivery could not be had. Execution was issued in accordance with the judgment for the assessed value of the property, absolutely, and not contingently upon the inability to have a delivery of it. The execution was returned unsatisfied, and the plaintiff sued the sheriff, claiming that he was liable in the same manner as the sureties on the defendant's undertaking to him. The Court of Appeals assumed, for the purposes of the case, that the sheriff was liable precisely as the sureties would have been if a proper undertaking had been given; but the court held, reversing the judgment of the court below, that the sheriff was not liable, and that to render him liable there must be a judgment, under the execution on which, the property might be sought and delivered,

In *Fitzhugh* v. *Wiman* the court decided that in an action to recover the possession of personal property, where the property has not been delivered to the plaintiff prior to the trial, the plaintiff recovering has not a right to elect to take judgment for the value, but is entitled only to a judgment in the alternative.

In the present case, the plaintiff has entered judgment in the proper form, but he has not sought to enforce it by execution. That the issuing and return of a proper execution are as essential as the entering of a proper judgment to complete the liability of the bail, or of the sheriff, as the case may be, is apparent from the reasoning of the court in *Gallarati's Case.* DENIO, J., delivering the prevailing opinion, said : " We cannot say but if a proper judgment, and an execution in conformity with it, had been issued, the bail or the sheriff would have found the property, and have caused it to be taken and delivered to the plaintiff on the writ of *retorno habendo.*" (P. 327.)

The cases of *Slack* v. *Heath* (4 E. D. Smith, 95 ; 1 Abb., 31) and *Livingston* v. *Hammer* ('7 Bosw., 671), cited by the plaintiff's counsel, do not touch the point in question. In *Slack* v. *Heath,* a verdict was ordered for the plaintiff on the pleadings. The complaint alleged an undertaking and a recovery in the replevin suit, but the form of the judgment did not appear, nor was it shown whether there had been an execution issued. The question most considered on the appeal was, whether the complaint averred a sufficient consideration to support the undertaking.

*Livingston* v. *Hammer* came before the court on a motion for judgment on account of the frivolousness of the answer. A question was made as to the sufficiency of the complaint. It alleged an undertaking in replevin under section 211, and a judgment in the action for the value simply. The court decided that if the judgment was not in the alternative, it was irregular merely, and not void; and that the irregularity could not be taken advantage of in an action on the undertaking. The only authority cited was *Gallarati* v. *Orser* (4 Bosw., 94), which, as we have seen, was afterwards reversed.

The counsel for the plaintiffs insists that he was entitled to maintain the action for the damages and costs given by the judgment, if not for the value, as the judgment for them is absolute, and, there-

fore, the defendants' counsel asked for too much, and his motion for a nonsuit was properly denied. The position may be correct, but it does not appear to have been suggested at the trial. The case was evidently tried and decided upon the theory that the plaintiff was entitled to recover the value as well as the damages and costs. The court directed a verdict for a specific sum, which included the value, and to that direction the defendants' counsel excepted.

New trial granted, costs to abide event.

Mullin, P. J., and Talcott, J., concurred.

Ordered accordingly.