THE STATE, GARRET ACKERSON, JR., PROSECUTOR, v. THE
INHABITANTS, &c., OF NORTH BERGEN, IN THE COUNTY
OF HUDSON.

1. In an assessment for benefits, it need not affirmatively appear that
the commissioners took into consideration each fact and circumstance
necessary to enable them to come to a proper determination.
2. Where lands of a prosecutor assessed are those contained in what, in
the proceedings, is called plot J, and it appears from the evidence
that the plot embraces other lands than those of the prosecutor—*held*,
that the assessment could not be sustained on the ground that it can-
not be known what proportion of the assessment is properly charge-
able to the prosecutor.
3. This error is not remedied by the act of April 21st, 1876 (*Pamph.
Laws*, 1876, *p.* 291); that act applying only to assessments properly
assessed in the name of the right owners.

On *certiorari.*

Argued at June Term, 1877, before Justices DALRIMPLE
and WOODHULL.

For the prosecutor, *William Brinkerhoff.*

For the defendant, *John C. Besson.*

The opinion of the court was delivered by

DALRIMPLE, J.    This writ brings up both the ordinance
and assessment for the improvement of a street in the town-
ship of North Bergen, in the county of Hudson.    The ordi-
nance was before this court in the case reported in 8 *Vroom*
402.    The decision in that case set aside the whole assessment
then in question.    The ordinance remained unreversed.    New
commissioners have been appointed, and a second assessment
made under the same ordinance.    The prosecutor in this case
questions as well the legality of the ordinance as the assess-
ment.    For the reasons given in the case referred to, and for
others which might, perhaps, be suggested, it is too late to

call in question the legal sufficiency of the ordinance. The writ, as to it, must be considered as dismissed.

Against the assessment it is objected that the report of the commissioners does not show that the amount assessed against the lands of the prosecutor is not in excess of the benefits conferred. An examination of the report will show that it expressly states that the lands assessed are severally and respectively benefited by said improvement, to the full amount levied thereon. This seems to be all that is required by the ruling in the case of *Village of Passaic* v. *State*, 8 *Vroom* 538.

It is urged that the assessment is defective, because it does not appear that the commissioners took into consideration as well the damages as the benefits to prosecutor's lands, by reason of the improvement. The general allegation in the report, that the lands have been benefited to the full amount assessed, is sufficient. We have not been referred to any case which holds that, in an assessment for benefits, it must affirmatively appear that the commissioners took into consideration each fact and circumstance necessary to enable them to come to a proper determination.

Another objection to the proceedings is, that due notice of the meeting of the town committee to hear objections to the commissioners' report and map was not given. The charter required ten days' notice. The construction is, that notice given on the 25th day of August, of a meeting on the 4th of September then next, was not a notice of ten days. I think it was according to the recognized method of computation in such cases. *State* v. *Jackson*, 1 *South.* 323 ; *Den* v. *Fen*, 3 *Halst.* 303 ; *Gillespie* v. *White*, 16 *Johns.* 117 ; *Vandenburgh* v. *Van Rensselaer*, 6 *Paige* 147.

The lands of prosecutor assessed are those contained in what, in the proceedings and evidence, is called plot "J." The evidence taken shows that plot "J," properly surveyed and located, embraces lands other than those belonging to the prosecutor. The assessment against plot "J" is in gross. It cannot, therefore, be known what proportion of the assessment is properly chargeable against the prosecutor. I do not

think the error in this assessment can be remedied by proceedings under the act of April 21st, 1876 (*Laws*, 1876, *p.* 291.) That act seems to relate to the apportionment of taxes, assessments, and water rents among subdivisions of a plot or parcel of land which has been properly assessed in the name of the right owner. If, however, that act, fairly construed, applies to the case before us, it does not matter because no proceedings have been taken to correct the case by making the proper apportionments.

The evidence taken quite clearly shows that the assessment against the prosecutor, in point of fact, is far in excess of the benefits derived from the improvement.

For the two reasons last above stated, the assessment against prosecutor must be set aside, with costs of printing case and making return to writ.