LATHAM M. JAGGAR, Appellant, *against* THE LALANCE AND GROSJEAU MANUFACTURING COMPANY *et al.* Respondents.

(Decided April 7th, 1879.)

The sureties on an undertaking given under § 211 of the (old) Code of Procedure to procure the return to the defendant of personal property taken by the sheriff in an action of replevin, the undertaking being conditioned "for the delivery of the said property to the plaintiff, if such delivery shall be adjudged, and for the payment to him of such sum as may for any cause be recovered against the defendant in this action," are not liable for a breach of the condition of the undertaking upon a mere failure of the defendant in the action to pay a money judgment for damages for the conversion of the property, no delivery of the property to the plaintiff being adjudged, nor any demanded in the complaint.

The case of *Gallarati* v. *Orser* (27 N. Y. 324) followed as controlling.

APPEAL by the defendants from a judgment of this court, entered upon a dismissal of the complaint at a trial of the action.

This action was brought against the defendants, who were sureties on an undertaking given in an action in which the plaintiff, Latham M. Jaggar, recovered judgment for damages against Thomas Cunningham, a marshal of the city of New York, for the wrongful conversion of goods. The undertaking was entitled in the action against Cunningham; recited that the plaintiff had claimed the delivery of certain personal property, &c., pursuant to chap. 2, title 7 of part 2 of the Code of Procedure, and had caused the same to be taken by the sheriff of the city and county of New York, and was conditioned " for the delivery of the said property to the plaintiff, if such delivery shall be adjudged, and for the payment to him of such sum as may for any cause be recovered against the defendant in this action."

The plaintiff proved the execution of the undertaking and the recovery in the action in which it was given of a judgment for $544, damages and costs, under a complaint charging the defendant with the conversion of certain personal property, but not demanding the delivery thereof to the plaintiff, nor damages for its wrongful detention, and that an execution issued on this judgment had been returned unsatisfied.

At the close of the plaintiff's evidence the complaint was dismissed.

*Richard Busteed & Son*, for appellant.

*Walsh & Eckerson* and *Fred. W. Diehl*, for respondents.

CHARLES P. DALY, Chief Justice.—Our opinion in this case was expressed orally and very fully upon the argument; and after reading the whole case over carefully we have only to repeat briefly what was then said. By the undertaking which the defendants entered into, and for the breach of which they are sued in this action, they became bound in the sum of $900 for the delivery of the property to the plaintiff,

if such delivery should be adjudged, and for the payment to him of such sum as might, for any cause, be recovered against the defen·ant in the action of *Jaggar* v. *Cunningham.* A delivery of the property to the plaintiff was not adjudged in the action in which the undertaking was given, nor was a delivery of it claimed in the complaint, which, instead of being in the form of complaints in actions of claim and delivery, was simply a complaint for a recovery of damages, such as would be framed in what was formerly known as actions of trover and trespass. The case, therefore, is in all respects substantially the same as *Gallarati* v. *Orser* (27 N. Y. 324), and the decision of the Court of Appeals in that case is controlling upon this. The judgment must, therefore, be affirmed.

VAN HOESEN, J., concurred.

Judgment affirmed.