(48 Misc. Rep. 353.)

### DICKSON v. BICKERSHOFF.

(Supreme Court, Appellate Term. November 3, 1905.)

REPLEVIN—BOND—EXTENT OF LIABILITY.

The statutory undertaking given by a plaintiff in replevin, under Code Civ. Proc. § 1699, to answer for "the payment to the defendant of any sum which the judgment awards to him against the plaintiff," has reference only to such damages as the statute authorizes in a replevin suit; and as sections 1730, 1731, 1733, preclude the rendition of an affirmative judgment for defendant for damages not connected with the chattel or the withholding of its possession, an action does not lie on the bond for the amount of a judgment on counterclaims disconnected from the chattels.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Stewart Dickson against Roland M. Bickershoff on a replevin bond. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

John E. O'Brien, for appellant.
Herbert F. Andrews, for respondent.

BISCHOFF, J.   This plaintiff, defendant to an action for replevin, obtained a judgment in that action for the possession of the chattels, and also for a sum of money upon distinct counterclaims founded upon certain promissory notes.   Upon this judgment he caused execution to issue against the property of the then plaintiff in the form applicable to money judgments, omitting any reference to the chattels, and upon the return of this execution unsatisfied he brought the present action to recover upon the undertaking in replevin.   The justice dismissed the complaint, but not upon the merits, for the plaintiff's failure to cause the issuance of an execution in the form prescribed by section 1733 of the Code of Civil Procedure, a condition which the statute imposes to the maintenance of an action against the sureties.

Section 1733 of the Code of Civil Procedure provides as follows:

"A plaintiff who has recovered a final judgment cannot maintain an action against the sureties in an undertaking given in behalf of the defendant to procure a return of the chattel * * * until after the return, wholly or partly unsatisfied or unexecuted, of an execution in his favor for the delivery of the possession of the chattel, or to satisfy a sum of money out of the property of the defendant, or for both purposes as the case requires.   A defendant who has recovered a final judgment cannot maintain an action against the sureties in the plaintiff's undertaking given to procure a replevin until after a like return of a similar execution against the plaintiff."

It is argued for the appellant that this section, especially when taken in connection with section 1731, regulating the contents of such an execution, relates merely to a case where there is some necessity for a manual delivery of the chattels, or where the nondelivery involves an alternative right to damages.   In the present case it appears that no alternative damages were provided for, and it is said, although the record contains no reference to the fact, that this plaintiff had reclaimed the chattels under section 1704 of the Code; hence, that a direction to the sheriff to seize them would be an idle ceremony.

The result reached by the justice is apparently unassailable, although the question does not depend absolutely upon the form of the execution. The matter rests basically in the scope of the statutory undertaking, given under section 1699 of the Code; the obligation to answer for "the payment to the defendant of any sum which the judgment awards to him against the plaintiff" being, in its meaning, related to the matter of damages arising from the right of possession of the chattel in question, and not being intended to include damages based upon some claim totally disconnected from the chattels.   In Gallarati v. Orser, 27 N. Y. 324–327, it was held, under substantially similar provisions of the Code of Procedure (section 211), that the damages there referred to must be such as may be awarded consistently with and in connection with a judgment for possession.   See, also, Cook v. Freudenthal, 80 N. Y. 202, 207.   This interpretation of the intention and meaning of the statute, agreeably to which the undertaking was given, is rendered clear by the provisions of sections 1730, 1731, and 1733 of the Code, which sections preclude the rendition of affirmative judgment for the defendant in replevin for damages not connected with the chattel or the withholding of its possession.   A judgment in replevin may award to a defendant a sum of money only so far as he has established some special prop-

.erty in the chattel, or where it (the chattel) was restrained doing damage (Code Civ. Proc. §§ 1720, 1730), or where it was delivered to the plaintiff and damages have accrued to the defendant through the detention (Code, §§ 1725, 1730). The "sums awarded by the judgment," to which the statutory undertaking has reference, are damages such as the statute authorizes in a replevin suit, and the damages sought to be recovered in this case were therefore not within the scope of the undertaking.

The complaint was properly dismissed, and the judgment appealed from is accordingly affirmed, with costs. All concur.