MAX KARP, Plaintiff, *v.* BASS & BASS, INC., Defendant.

(City Court of the City of New York, Trial Term, May, 1919.)

Costs — in action to foreclose a lien on a chattel — Municipal Court of city of New York — bonds.

Where the plaintiff in a Municipal Court action to foreclose a lien on a chattel gave a bond to obtain a warrant of seizure conditioned that if the defendant recovered judgment the plaintiff would pay all the costs which might be awarded to the defendant and all damages which he might have sustained by reason of said warrant and judgment was rendered in favor of the defendant, the plaintiff in an action on the bond is entitled to recover the reasonable counsel fees incurred in defending the Municipal Court action, together with the costs both in the trial court as well as on appeal.

ACTION upon a bond.

Charles J. Steinberg, for plaintiff.

Edward E. Hoenig, for defendant.

VALENTE, J.  This is an action upon a bond by the assignee of the obligee named therein.  The defendant Bass & Bass, Inc., heretofore brought an action against the plaintiff's assignor in the Municipal Court to foreclose a lien on a chattel.  Said defendant obtained a warrant of seizure in such action, pursuant to which a chattel was seized by the marshal.  As a condition to obtaining the warrant the defendants herein executed the bond in suit, which contains the condition that if " the defendant recovers judgment or if the warrant is vacated the plaintiff would pay all the costs which may be awarded to the defendant and all damages which he may sustain by reason of said warrant of seizure, not exceeding the sum of $800. "  Judgment in

City Court of New York, May, 1919.       [Vol. 107.

the Municipal Court action was rendered in favor of the defendant therein, who is the plaintiff's assignor. No motion was made therein to vacate the warrant of seizure in advance of the trial. The judgment of the Municipal Court was subsequently affirmed by the Supreme Court, Appellate Term. The plaintiff herein now seeks to recover the costs of the Municipal Court action as well as the costs of the appeal therein, all of which are admittedly unpaid, together with the counsel fees incurred in defending said action. The case was tried before me without a jury. The defendants contend, first, that this action is prematurely brought because of the omission, as required by the Code of Civil Procedure (§ 1733), to issue an execution; second, that counsel fees do not constitute an item of damages within the terms of the undertaking, and, third, that costs awarded on the appeal in the Municipal Court action are not recoverable under the bond. The claim that this action cannot be brought until the return of an execution, wholly or partly unsatisfied, is without merit. The bond contains no such words. Code of Civil Procedure, section 1733, upon which the defendants rely, has no application to the bond in suit. Part of that Code section refers to a bond given '' in behalf of the defendant.'' The bond herein was given in behalf of the *plaintiff* in the Municipal Court action. So much of the rest of said Code section as refers to an action against the sureties in a plaintiff's undertaking expressly is limited to an undertaking in *replevin* and cannot therefore affect the undertaking in behalf of the plaintiff in the Municipal Court action herein, which was a suit to foreclose a lien on a chattel and not an action in replevin. The question whether counsel fees incurred in defending an action to foreclose a lien on a chattel may be recovered from the sureties on the bond, which is given to obtain a war-

rant of seizure therein, is difficult and not free from doubt. Various cases dealing with undertakings upon which the writs of replevin were issued are referred to by the defendants in support of their contention. These cases, when correctly understood, in my opinion do not govern an action of this kind. There is a difference between the effect of a writ of replevin and a warrant of seizure. A writ of replevin, when issued out of the Municipal Court, commands the marshal to deliver the chattel described therein to the plaintiff, while a warrant of seizure directs " the marshal to seize the chattel and safely keep it to abide the judgment." Mun. Ct. Code, § 71. If the writ of replevin wrongfully is issued the damages which ordinarily flow therefrom will be the damages due to the wrongful detention of the chattel. The defendant in an action of replevin may obtain the return of the chattel replevied by pursuing the mode of reclaimer prescribed by statute. Mun. Ct. Code, § 63. However harsh the rule may seem to be to the defendant, who successfully defends an action in replevin, it is proper under these circumstances to restrict the liability of the sureties in an undertaking given in such an action to the loss resulting from the wrongful detention (*Gallarati* v. *Orser,* 27 N. Y. 327; *Dickson* v. *Bickershoff,* 48 Misc. Rep. 355), although the defendant may have incurred expenses in contesting the action itself. But the same reasoning cannot always control in an action to foreclose a lien on a chattel wherein a warrant of seizure is issued. In such an action, as has been pointed out already, the warrant of seizure commands the marshal to seize the chattel and to hold it to abide the judgment rendered therein. Accordingly the defendant must defend the action in order to dispose of the warrant of seizure unless the warrant of seizure is defective on its face. A warrant of seizure, or the papers upon

which it is granted, may be defective on its face, or it may be *prima facie* sufficient. If a warrant of seizure is defective on its face, so that a motion to vacate it would be granted, it is only fair to require the defendant to move to vacate it. If he fails to do so, the subsequent trial of the action cannot be said to be the proximate result of the issuance of the warrant of seizure. Instead, it should be treated as the result of the defendant's own failure to move to vacate the warrant of seizure. In such a case a failure to move to vacate the warrant should not be permitted to be used by the defendant in such action as a means of enhancing or increasing his damages so as to include therein the expenses of defending the action. On the other hand, if the warrant of seizure is sufficient on its face, the disposal of the warrant of seizure must await the trial of the action, and in defending the action the defendant may properly be said to be endeavoring to get rid of the warrant of seizure. In such circumstances it cannot be said that the warrant of seizure is a mere incident to the action, and therefore the trial of the action is a proximate consequence of the issuance of the warrant of seizure, and counsel fees incurred in defending such action constitute a proper item of damages, I think, within the meaning of the bond. *Balinsky* v. *Gross,* 72 Misc. Rep. 9; *Ives* v. *Ellis,* 35 id. 333; affd., 67 App. Div. 619. In the present case there is nothing to show that the warrant of seizure could be vacated in advance of a trial. On the contrary, the warrant was regular upon its face, and the plaintiff's assignor necessarily was compelled to try the action in order to dispose of the warrant of seizure. The plaintiff therefore is entitled to recover the counsel fees incurred in the defense of such action, since the bond given in an action by a plaintiff who obtains a warrant of seizure is intended to afford com-

plete indemnity to the defendant therein, in respect of his costs, disbursements and damages, and the bond should not be interpreted so narrowly as to exclude the counsel fees and costs incurred by the defendant in the Municipal Court action in the course of the appeal by the plaintiff therein. See *Bennett* v. *Brown*, 20 N. Y. 99. I am confirmed in these views by the inferences drawn from the opinion of Mr. Justice Kapper, sitting at Special Term, in *Evans* v. *Princes Bay Oyster Co.,* 177 N. Y. Supp. 276. See, also, *Brooks* v. *Racich Asbestos Mfg. Co.,* 137 App. Div. 280. After careful consideration of the nature and extent of the professional services performed, it seems to me the plaintiff is entitled to recover of the defendants the sum of $150 as damages for counsel fees incurred by his assignor, plus the costs awarded both in the trial of the Municipal Court action, as well as on the appeals therein.

Judgment accordingly.