BOSSARD v. VAUGHN.

1. CLAIM AND DELIVERY.—A VERDICT in claim and delivery may be referred to pleadings for more particular description of property.
2. IBID.—MAGISTRATE.—A VERDICT in claim and delivery in Magistrate Court, "we find for plaintiff for property in question, one cow and calf, or the value thereof, $20," is a sufficient compliance with sec. 77, Code of Proc., 1902.

Before GAGE, J., Sumter. May, 1903. Affirmed.

Action by Wesley Bossard against Edward Vaughn. From judgment of Circuit Court sustaining judgment of magistrate Court, defendant appeals.

*Mr. L. D. Jennings,* for appellant, cites : 18 Ency. P. & P., 568 ; 78 Cal., 573 ; 49 Ind., 104 ; 4 Blackf., 19 ; 20 Or., 46 ; Gen. Stat., pp. 640, 497 ; 32 S. C., 183 ; 30 S. C., 328.

*Messrs. Lee & Moise,* contra, cite : Code, sec. 77 ; 42 S. C., 122 ; 28 Ency., 1 ed., 294, 354, 355, 356, 357, 404 ; 10 S. C., 493 ; 30 S. C., 328 ; 19 S. C., 489 ; 32 S. C., 171 ; 42 S. C., 127 ; 66 S. C., 424 ; 50 Ill., 199 ; 20 Ency., 1 ed., 405.

January 18, 1904.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   This action of claim and delivery was instituted in a magistrate's Court to recover possession of property described as one white and black cow and one red calf.   The property remained in the possession of the defendant.   The verdict was, "We find for the plaintiff for property in question, one cow and calf or the value thereof, twenty dollars."

The defendant appealed to the Circuit Court on the ground that the verdict was not in conformity to the statute, which provides : "The judgment for the plaintiff may be for the possession or for the recovery of the possession or the value thereof, in case a delivery cannot be had and of damages for the detention.   If the property have been delivered to the plaintiff and the defendant claim a return thereof, judgment for the defendant may be for a return of the property or the value thereof, in case a return cannot be had, and damages for taking and withholding the same * * * In all actions for the recovery of the possession of personal property, as herein provided, if the property shall not have been delivered to plaintiff, or the defendant by answer shall claim a return thereof, the magistrate or jury shall assess the value thereof, and the injury sustained by the prevailing party by reason of the taking or detention thereof, and the magistrate shall render judgment accordingly with costs and disbursements."   Code of Civil Procedure, sec. 77.

7—68

From an order of the Circuit Court adjudging the verdict to be sufficient, the defendant appeals to this Court.

As to the first position, that the verdict does not suffi-
1    ciently identify the property, it is sufficient to say
     there was no issue of identity, but on the contrary,
     the property was very clearly identified by the plead-
ings, to which the verdict will be referred.

The section of the Code of Civil Procedure above quoted, relates to actions of claim and delivery in magistrates' Courts, but in the last clause almost the same language is
2    used as in section 283 of the Code, which provides
     the form of verdicts in such actions in the Court of
     Common Pleas.    The verdict was in the alternative,
and in it the jury assessed the value of the property. Thus was fixed the right of plaintiff to have the property, or its value, if he could not find it, and the right of the defendant to deliver the property rather than pay the value if he chose to do so. The verdict in this case, therefore, met all the ends of the legislation prescribing the form of the verdict as stated by Chief Justice McIver in construing section 283 in *Finley* v. *Cudd,* 42 S. C., 127, 20 S. E., 32. See, also, *Bardin* v. *Drafts,* 10 S. C., 493, and *Parish* v. *Smith,* 66 S. C., 432.

The judgment of the Court is, that the judgment of the Circuit Court be affirmed.