MAX E. LEVINE, as Receiver in Proceedings Supplementary to Execution of CHARLES H. McCAUSLAND, Respondent, v. KATHERINA DOHL, Appellant, Impleaded with CHRISTOPHER A. MATHEWS and FRANK BENNET, Defendants.

First Department, November 9, 1917.

Replevin — action upon bond given to procure return of chattel — defense — failure of plaintiff to obtain judgment in alternative — stare decisis — when ruling not obiter.

It is a defense to an action brought to recover upon a bond given by defendants to procure the return of property which had been taken by the plaintiff in an action of replevin to allege that neither the judgment nor the verdict in said action awarded the plaintiff the possession of the chattel, and that no execution issued thereupon required the sheriff to take possession.

As the undertaking was given pursuant to the statute the liability of the defendant is conditioned upon the rendering of a judgment in the alternative, as required by section 1730 of the Code of Civil Procedure, and the issue and return of the execution which would require the taking possession of the chattel replevied if it be possible.

A statement of law in a judicial decision is not obiter if it was necessary to the final decision of the court.

APPEAL by the defendant, Katherina Dohl, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of May, 1916, resettling a prior order entered in said clerk's office on the 6th day of April, 1916, sustaining plaintiff's demurrer to certain affirmative defenses in appellant's further amended answer.

*Edward Lazansky,* for the appellant.

*Louis H. Moos,* for the respondent.

SMITH, J.:

While the demurrer is in form to the defenses alleged in certain paragraphs, one defense only is in fact alleged in those paragraphs, so that the matter will be discussed as a demurrer to a single defense.

The action is brought to recover upon a bond given by the defendants to procure the return of property which had been taken by the plaintiff in an action of replevin. The defense demurred to states in substance that in the replevin action the plaintiff recovered a judgment for $1,600, the value of the automobile at the time of its conversion, and for $1,000 damages for detention, and that neither the judgment nor the verdict in that action awarded to the plaintiff the possession of the chattel, nor did the execution issued thereupon require the sheriff to take possession thereof. The question presented, therefore, is whether for the failure of the plaintiff to take a judgment in the alternative for the possession of the chattel and in case possession could not be delivered, for its value, the surety is freed from liability upon the bond; in other words, is the taking of such judgment in the alternative a prerequisite to his liability on the bond? By section 1730 of the Code of Civil Procedure it is provided that final judgment for the plaintiff must award to him

possession of the chattel recovered by him with his damages, if any. It is further provided that if the chattel recovered was not replevied, or if after being replevied it was delivered to the defendant or to a person not a party, as prescribed by the article, the final judgment must also award to the plaintiff the sum fixed as the value thereof, to be paid by the defendant, if possession thereof is not delivered to the plaintiff. It will thus be seen that even if the chattel had been delivered to a third party claiming title thereto under section 1709, nevertheless the judgment must be in the alternative for the recovery of the chattel or, if the chattel cannot be recovered, for its value. The statute providing for an undertaking to be given by a defendant to procure a return of the property requires that the sureties shall be bound " in a specified sum, not less than twice the value of the chattel, as stated in the affidavit of the plaintiff, for the delivery thereof to the plaintiff, if delivery thereof is adjudged, or if the action abates in consequence of the defendant's death; and for the payment to him of any sum, which the judgment awards against the defendant." (Code Civ. Proc. § 1704.) This undertaking was given pursuant to this statute, and the liability of the defendant would seem to be conditioned upon the rendering of a judgment in the alternative and the issue and return of an execution which would require, first, the taking possession of the chattel replevied if such be possible. This rule of liability is laid down in *Gallarati* v. *Orser* (27 N. Y. 324). In that case a judgment was rendered not in the alternative but for damages only. It was there held, in an action against the sheriff by reason of the failure of sureties to justify, that the sheriff was not liable because of the fact that the judgment was only for damages and not in the alternative. Chief Judge DENIO, in writing for the court, said: " The sureties would not have been responsible on such an undertaking, if it had been given; and if they would not have been, the sheriff is not." That case has never been overruled and there is no contrary holding in this State. It is urged by the respondent here that what was there said as to the liability of the sureties was obiter. In this we cannot agree, because if the sureties were liable upon that undertaking then the sheriff would have been liable for failure to compel a justification, and the holding that the sureties were not liable

upon the undertaking was necessary to the conclusion there reached that the sheriff was not liable.

It is not necessary to consider here whether a money judgment only is ever proper where the chattel has been replevied and has been reclaimed by the defendant. If there be any reason which will authorize the court to render a judgment other than as prescribed in the Code, that reason should appear, and this record presents no facts other than the mere failure to render the judgment which the Code commands.

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements in this court, and the demurrer overruled, with ten dollars costs, with leave to plaintiff to withdraw the demurrer upon payment of said costs.

SCOTT, LAUGHLIN, PAGE and DAVIS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and demurrer overruled, with ten dollars costs, with leave to plaintiff to withdraw demurrer on payment of costs.