11424

WILKINS v. WILLIMON *ET AL.*

(122 S. E., 503)

1. REPLEVIN—PLAINTIFF CANNOT RECOVER ON REDELIVERY BOND AMOUNT OF JUDGMENT FOR DEBT SECURED BY MORTGAGE.—Where, in claim and delivery for personal property covered by a mortgage, plaintiff recovers a judgment, not for recovery of the property or its value, with damages for detention, but for the amount of the debt secured by the mortgage, surety is not liable on a redelivery bond under Code Civ. Proc. 1922, § 474, in view of Sections 542 and 600.

2. REPLEVIN—FORMS OF VERDICT AND JUDGMENT SPECIFIED.—Forms of verdict and judgment in claim and delivery under Code Civ. Proc. 1922, §§ 542 and 600, where plaintiff has given bond and retains possession, where defendant has exercised his right of redelivery under Section 474, and where no bond has been given, specified.

Before C. M. EFIRD, SPECIAL JUDGE, Greenville, February Term, 1923. Reversed and remanded with directions.

Action by Mrs. N. W. Wilkins against W. M. Willimon and R. C. Willimon. From a judgment for plaintiff entered on an order striking out the answer, the last named defendant appeals.

*Messrs. T. H. Munro* and *J. Frank Eppes,* for appellant, cite: *Answer:* S. C. Code, 1922, Vol. 1, Sec. 410. *Plea in mitigation of damages:* 66 S. C., 424; 47 S. C., 556. *Waiver of delivery of the property discharges the surety:* 103 N. W., 128; 8 Daly (N. Y.), 851; 31 Cyc., 1575. *Answer not frivolous or intended merely for delay:* 2 S. C., 422.

*Messrs. Brown & Boyd,* for the respondent, cite: *Improper form of exception:* 116 S. C., 123; 116 S. E., 446; 54 S. C., 400. *Answer:* Code, 1922, Sec. 542; 42 S. C., 121; 21 R. C. L., 440; 105 S. C., 513. *Plaintiff in replevin may elect to take judgment for a sum of money:* 11 S. C., 327; 16 S. C., 371; 20 S. C., 10; 60 S. C., 111; 72 S. C., 34. *Liability of surety on redelivery bond:* 12 S. C., 580: 110 S. C., 399. *Judgment:* 100 S. C., 196; 108 S. C., 79; 113 S. E., 313. *Law of suretyship:* 32 Cyc., 91, 106; 21 R. C. L., Sec. 116 p. 1076; 25 S. C., 235; 34 Cyc., 1591; 23 R. C. L., Sec. 60, p. 901. *Issuance of execution not a condition precedent to action on a replevin bond:* 22 Wall 208; 21 Wall 98; 34 Cyc., 1593. *Claim and delivery:* 85 S. C., 346; 93 S. C., 99; 104 S. C., 376; 96 S. C., 31.

April 21, 1924.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action upon a redelivery bond executed by W. M. Willimon as principal and R. C. Willimon as surety, in a claim and delivery proceeding brought by Mrs. Wilkins against W. M. Willimon, for the recovery of the possession of an

automobile covered by a mortgage from him to her, which was past due. In that proceeding, Mrs. Wilkins in her affidavit valued the car at $2,500, and gave a bond under the statute in the sum of $5,000. The car was seized by the Sheriff, and thereupon W. M. Willimon executed a bond as provided in Section 474 of the Code of 1922, with R. C. Willimon as surety, in the sum of $5,000, conditioned upon "the delivery of said property to the plaintiff, if such delivery be adjudged, or for the payment to the plaintiff of such sum as may be recovered against the defendant in this case."

The original claim and delivery action of Mrs. Wilkins against W. M. Willimon was tried at September term, 1921; and the following verdict was rendered by the jury: "We find for the plaintiff two thousand three hundred and seventeen and 32/100 ($2,317.32) dollars." It is conceded that this represented the amount due by W. M. Willimon to Mrs. Wilkins upon the note which was secured by the chattel mortgage, with interest and attorney's fees as called for in the note. Upon this verdict judgment was entered against W. M. Willimon. The surety R. C. Willimon was not a party to that action.

The judgment not having been paid, the plaintiff Mrs. Wilkins instituted the present action against W. M. Willimon and R. C. Willimon, on January 12, 1923, upon the redelivery bond above described. The complaint alleges the facts as substantially set forth above, and particularly stated that the redelivery bond was executed "in accordance with the statute with reference to claim and delivery proceedings."

The only defense set up in the answer of R. C. Willimon, the surety, which we deem necessary to consider, is that the plaintiff in the original claim and delivery action having elected to take a verdict against W. M. Willimon for the amount due upon the note secured by the mortgage, instead of a verdict for the recovery of the possession of the car or for its value in case delivery could not be had, with

damages for the detention, the judgment entered upon such verdict does not represent that for which the surety stood obligated, and that he is not responsible upon his bond therefor.

The plaintiff moved before the Hon. C. M. Efird, Special Judge, presiding at the February term of Court, 1923, for an order striking out the answer of R. C. Willimon as frivolous, irrelevant, redundant, and constituting no defense to the plaintiff's cause of action. The presiding Judge took the matter under advisement, and later filed an order granting the plaintiff's motion and allowing judgment against the defendants for the amount prayed for in the complaint, $2,335.67, with interest from September 21, 1921, that amount being composed of the judgment in the original claim and delivery proceeding, $2,317.32 and the costs $18.35. Thereafter judgment was duly entered for said sum in accordance with the order, and the defendant has appealed.

The appeal presents squarely this question, and it is the only one we deem proper or necessary to consider:

1     Where, in an action of claim and delivery of personal property covered by a mortgage, the plaintiff recovers a judgment, not for the recovery of the property or for its value, with damages for the detention, but for the amount of the debt secured by the mortgage, is the surety upon a redelivery bond given by the defendant responsible in an action upon the bond for such judgment?

It will be particularly noted that the record shows that the plaintiff in the original proceeding "claimed the immediate delivery" of the property and gave bond according to the statute; that the Sheriff seized the property; that the defendant exercised his right to a redelivery of it under Section 474 and was in possession of it at the time of the trial. This is important, as will be seen, in determining the proper form of verdict and judgment, under these circumstances,

in the event that the plaintiff prevails before the jury, in the original claim and delivery action.

Sections 542 and 600 of the Code must not be confused. The one regulates the form of the verdict in claim and delivery; the other the form of the judgment; the one is mandatory; the other directory. and optional, as the circumstances may require. The form of the verdict and the form of the judgment vary according to the proceedings which may have been taken in reference to the possession of the property and to the conclusion arrived at by the jury upon the merits of the case.

The record in a case of claim and delivery will necessarily show: (1) That the plaintiff has given bond and secured possession of the property, retaining the same, the defendant not having exercised his right of redelivery under Section 474, but by his answer claiming a return of the property; or (2) that the plaintiff has not given bond and thereby secured possession of the property, the same remaining in the possession of the defendant; or (3) that the plaintiff has given bond and the defendant has secured a return of the property from the Sheriff under Section 474.

Condition 1: Where the plaintiff has given bond and secured the possession of the property, retaining the same, the defendant not having exercised his right of redelivery under Section 474, but by his answer claiming a return of the property.

Whether the verdict be in favor of the plaintiff or of the defendant, Section 542, is mandatory, that "the jury shall assess the value of the property." A verdict, therefore, in favor of the plaintiff, should be:

"We find for the plaintiff the right to the possession of the property described in the complaint, the value of which is assessed at ($————) dollars, together with ($————) dollars damages for the wrongful detention thereof by the defendant" (if such damages be alleged and proved).

Under Section 600 the judgment entered upon this verdict should conform to the verdict.

A verdict for the defendant should be:

"We find for the defendant the recovery of the posses-. sion of the property described in the complaint, the value of which is assessed at ($————) dollars, together with ($————) dollars damages for the wrongful taking and detention thereof by the plaintiff" (if such damages be alleged and proved).

Under Section 600, the judgment entered upon this verdict should be:

"That the defendant recover of the plaintiff the possession of the property described in the complaint, or in case delivery cannot be had for its value ($————) dollars, together with ($————) dollars damages for the wrongful taking and detention thereof by the plaintiff." *Finley v. Cudd,* 42 S. C., 121; 20 S. E., 32. *Robins v. Slatterly;* 30 S. C., 328; 9 S. E., 510. *Bardin v. Drafts,* 10 S. C., 493. *Thompson v. Lee,* 19 S. C., 489. *Archer v. Long,* 32 S. C., 171; 11 S. E., 86.

Condition 2: Where the plaintiff has not given bond and thereby secured possession of the property, the same remaining in the possession of the defendant.

If the verdict should be in favor of the plaintiff, Section 542 is mandatory that "the jury shall assess the value of the property"; and in such case the verdict should be:

"We find for the plaintiff the recovery of the possession of the property described in the complaint, the value of which is assessed at ($————) dollars, together with ($————) dollars damages for the wrongful detention thereof by the defendant" (if such damages be alleged and proved).

Under Section 600, the judgment entered upon this verdict should be:

"That the plaintiff recover of the defendant the possession of the property described in the complaint, or in case a

delivery thereof cannot be had, for its value ($———) dollars, together with ($———) dollars damages for the wrongful detention thereof by the defendant."· *Bossard v. Vaughn,* 68 S. C., 96; 46 S. E., 523.

If the verdict should be in favor of the defendant, it appears from the case of *Finley v. Cudd,* 42 S. C., 121; 20 S. E., 32, that under these circumstances it would not be necessary for the jury to assess the value of the property, and that a verdict in this form would be sufficient: "We find for the defendant the right to the possession of the property described in the complaint"; the property always having been in the possession of the defendant no damages could be allowed for taking or detention. Under Section 600 the judgment entered upon this verdict should conform to the verdict.

Condition 3: Where the plaintiff has given bond, and the defendant has secured a return of the property from the Sheriff under Section 474.

If the verdict should be in favor of the plaintiff, Section 542 is mandatory that "the jury shall assess the value of the property," and in such case the verdict should be:

"We find for the plaintiff the recovery of the possession of the property described in the complaint, the value of which is assessed at ($———) dollars, together with ($———) dollars damages for the wrongful detention thereof by the defendant" (if such damages be alleged and proved).

Under Section 600 the judgment entered upon this verdict should be:

"That the plaintiff recover of the defendant the possession of the property described in the complaint, or in case a delivery thereof cannot be had, for its value ($———) dollars, together with ($———) dollars damages for the wrongful detention thereof by the defendant." *Bossard v. Vaughn,* 68 S. C., 96; 46 S. E., 523.

If the verdict should be in favor of the defendant, it appears from the case of *Finley v. Cudd,* 42 S. C., 121; 20 S. E., 32, that under these circumstances it would not be necessary for the jury to assess the value of the property, and that a verdict in this form would be sufficient:

"We find for the defendant the right to the possession of the property described in the complaint, together with ($———) dollars damages for the wrongful taking of the property by the plaintiff."

Under Section 600 the judgment should conform to the verdict. As a matter of course if the verdict should embrace a part only of the property described in the complaint, the necessary changes in the forms of verdict and judgment indicated should be made. Where the defendant interposes a counterclaim, the proceeding under Section 542, second subdivision, will be had.

The record in this case discloses that the proceeding in the original claim and delivery action falls under the third classification or condition described above. The verdict and judgment should have been in the forms indicated as appropriate to that condition. Instead they appear to have been taken and entered for the amount due upon the note, secured by the mortgage, with interest and attorney's fees. They were not only not in the alternative, but not even for the value of the property. The motion to strike the answer of the surety was practically a demurrer thereto, and in the answer it is alleged that the plaintiff "elected to take a judgment against the original obligor on his note." Such, then, is an admitted fact in the case.

Although there may be some decisions so indicating, we do not think that there is anything in Section 542 which requires the verdict, under any of the conditions named, to be in the alternative; that is, for the possession of the property or for its value stated, in case a delivery cannot be had. What that section requires is that under certain conditions, including the condition that exists in the present original

proceeding, "the jury shall assess the value of the property,"
along with their verdict for the plaintiff; this is as manda-
tory as a statute could make it.    Nor do we think that there
is anything in Section 600 which requires the judgment.
entered upon such verdict, to be in the alternative.    That
section provides that, where the verdict is in favor of the
plaintiff, the judgment may be:    (1) For the possession,
which is appropriate where the plaintiff has given bond and
taken possession; or  (2)  for the recovery of possession,
which is appropriate where the plaintiff has not given bond,
or where he has, and the defendant has obtained redelivery;
or (3) for the value of the property in case a delivery cannot
be had, which is appropriate to either of the conditions
named in (2) ; and (4) for damages both punitive and ac-
tual for the detention—evidently allowing the plaintiff to
enter up judgment in such form as will be appropriate to
the condition which the trial has developed.    If the plain-
tiff has given bond and has possession of the property at the
time of the trial, what sense would there be in requiring him
to enter a judgment in the alternative?    A judgment for the
possession, fixing his right to retain the property, is all that
should be required in reason.    Or if he has not given bond
(or has, and the defendant has recaptured the property),
and it appears at the trial that the defendant has consumed,
disposed of, or destroyed it, what sense would there be in
requiring the plaintiff to enter judgment for the recovery of
the possession of that which no longer is in existence?    A
judgment for the value of the property is all that should be
required in reason.    If it should appear that the defendant
still retains possession of the property, then a judgment in
the alternative would be entirely proper, protecting the right
of the plaintiff "to regain possession of his property in
specie, if. practicable," and the right of the defendant in
"giving him the alternative of returning the property to its
rightful owner, and only paying such damages for its deten-

tion as may be determined to be proper." *Finley v. Cudd,* 42 S. C., 121; 20 S. E., 32.

In *Bossard v. Vaughn,* 68 S. C., 96; 46 S. E., 523, the property remained in the possession of the defendant up to the time of the trial. The verdict was for the plaintiff, for the delivery of the property or its value, stated. The Court held:

"The verdict was in the alternative, and in it the jury assessed the value of the property. Thus was fixed the right of plaintiff to have the property, or its value, if he could not find it, and the right of the defendant to deliver the property rather than pay the value if he chose to do so."

The verdict in the case at bar, for so many dollars, is void for two reasons: (1) It does not find for the plaintiff the recovery of the possession of the property; (2) it does not assess the value of the property.

If the verdict had been regular in these particulars and the judgment had been entered for so many dollars, not in the alternative, the Court might well presume that the facts justifying such a judgment were disclosed upon the trial; that is, that the property had been consumed, disposed of or destroyed by the defendant and that a judgment for the recovery would have been vain and idle. But it not only appears that the verdict was not for the possession of the property, and that its value was not assessed, but that the money verdict was for the amount due upon the note, which is proper only in cases of counterclaims under the second subdivision of Section 542.

In *Gibbes v. Rivers,* 94 S. C., 342; 78 S. E., 21, the plaintiff sued in claim and delivery for certain machinery covered by a mortgage for the purchase price. The case was referred; the referee reported that the value of the property was $200, the amount due on the notes secured by mortgage was $150, and the plaintiff's damages $50. This report was confirmed and judgment was entered for the possession of the property, or its value $200, and $50 damages. The

property was delivered to the plaintiff, who sold it under the mortgage and credited the proceeds on the notes. Plaintiff then brought an action for the balance unpaid on the note. The defendant contended that the report of the master finding the amount due having been confirmed the matter was *res adjudicata.* The Court held otherwise, saying:

"The finding in the claim and delivery action of the amount due on the notes was not intended to and did not authorize the entry of judgment for that amount, and no judgment therefor was entered. No authority is thereby given for the entry of a personal judgment * * * against the mortgagor for that amount."

The verdict and judgment in this case, not complying with the statute in any particular, must be declared null and void.

It seems hardly necessary to state that the surety, being a volunteer, without compensation, is entitled to stand upon the strict terms of his obligation: He assumes no engagement not "nominated in the bond." Looking to the bond then, we find that the surety undertook, for the principal, "the delivery of said property to the plaintiff, if such delivery be adjudged, or for the payment to the plaintiff of such sum as may be recovered against the defendant in this case." (It will be noted that the condition of the bond is not stated in the exact words of Section 474 of the Code of 1922; the words "for any cause" being eliminated, and the words "in this case" being added. The alterations however do not materially affect the question.)

In *Jaggar v. Lalance,* 8 Daly (N. Y.), 251, it is held that where no delivery was adjudged, but a money judgment simply was rendered against the defendant, the surety upon a redelivery bond was not liable as for a breach of his bond conditioned as the statute provides.

In *Reno v. Woodyatt,* 81 Ill. App., 553, it is held that a judgment in replevin which does not award a return of the property taken imposses no liabilities upon the sureties on the replevin bond.

In *Michealson v. Surety Co.* (Sup.), 199 N. Y. Supp., 79, decided in 1923, it is held that where a judgment in claim and delivery did not award the defendant possession of the chattel as required by the statute, but merely a money judgment, the sureties on plaintiff's bond to procure a return of the chattel in case possession is adjudged to defendant are not liable.

In *Levine v. Dohl,* 179 App. Div., 777; 167 N. Y. Supp., 329, it is held that where the plaintiff did not take judgment in the alternative for possession, as required by the statute, the sureties on the replevy bond are not liable.

In *Lewin v. Stein,* 7 Colo. App., 65; 42 Pac., 185, it is held that a judgment in replevin which does not award the possession of the property to the plaintiff, or fix its value in case a delivery cannot be had, imposses no liability upon the sureties of a redelivery bond given by the defendant. "The only correct practice is to find the value in all cases"—citing Cobbey Replev. § 1061, and cases.

In *Cummings v. Badger,* 130 Mo. App., 557; 109 S. W., 68, it is held that since a surety on a replevin bond is only liable if a return of the property be adjudged, where no return was adjudged the defendant was not entitled to judgment against the sureties.

In *Larson v. Hanson,* 21 N. D., 411; 131 N. W., 229, the precise question here involved arose and was decided in favor of the surety. The statutes of the state in reference to the form of the redelivery bond and of the judgment in claim and delivery are word for word in the language of the sections of our Code, 474 and 600. The Court held that—

"In an action of claim and delivery, for the purpose of regaining possession of the property, the defendants, with sureties, executed a redelivery undertaking conditioned as provided by section. * * * Plaintiffs recovered merely a money judgment against the defendants. In an action against the sureties on such undertaking, the only breach of its conditions alleged in the complaint being the nonpayment

of such judgment, * * * the complaint fails to state a cause of action."

The precise point is also decided in the case of *New England Co. v. Bryant,* 64 Minn., 256; 66 N. W. 974, in an exceedingly clear opinion by Mr. Justice Mitchell. The plaintiff recovered a money judgment which was assumed to be the value of the property. In an action upon the defendant's redelivery bond it was held that the judgment should have been in the alternative for the reason that the surety had the right under his bond to satisfy the judgment by a return of the specific property which could not be accorded to him when the judgment was for a certain sum of money.

"The liability of the sureties could not be changed or enlarged by any act of the plaintiff in accepting or entering a judgment not authorized by the statute. Their contract was only to pay the value of the property in case a return could not be had. The judgment entered could not be satisfied by a return of the property, even if the sureties or their principal had it ready and in condition to be returned. It could only be satisfied by the payment of money. That is not the judgment which the sureties obligated themselves to satisfy."

In *Farmers' Bank v. Ferguson,* 28 N. D., 347; 148 N. W., 1049, it is held that in an action on an undertaking given by defendants in claim and delivery proceedings for the purpose of regaining possession of the property, under the statute, it is essential to a recovery as against the sureties on such undertaking to allege and prove a judgment in the alternative form as provided by statute, or facts showing that a return of the property was impossible owing to its irretrievable loss, thus establishing the fact that the substantial rights of the sureties were not prejudiced by the failure to observe the statute.

In Cobbey on Replevin, p. 755, it is said:

"A replevin bond, in replevin of attached property, is not a security for the debt sued on, but is a security for the

forthcoming of the very property levied on or its value. If
the very property be abandoned, by the plaintiff, if he take
no judgment of foreclosure upon it but a personal money
judgment only, then the sureties are released. It is not like
taking a nonsuit as to an ordinary surety, which may be
followed up by a new suit. It is a clear abandonment of
the cause of action as against the obligors on the replevin
bond. The liability of the obligors does not arise until
after judgment against the debtor. They did not stand good
for the debt but for the property, and as the judgment
ignores the property, there is nothing in the judgment for ·
them to respond to. It is also necessary to show that the
debt cannot be made out of the principal before the sureties
can be made to respond. Of course this is only in cases
where a return is possible, and does not apply to cases where
return cannot be had, and in North Carolina a different rule
has been laid down. The Court says that an agreement to
dispense with a return and take a money judgment is bind-
ing on the sureties, but the first is the better rule"—citing
*Toland v. Swearingen,* 39 Tex., 447. *Council v. Averett,*
90 N. C., 168. *Robbins v. Killebrew,* 95 N. C., 19.

In *Moore v. Sanders,* 114 S. C., 350; 103 S. E., 589, the
plaintiff united in one complaint proceedings to foreclose a
mortgage upon real estate and claim and delivery under a
chattel mortgage. In the latter, plaintiff gave bond; the
Sheriff seized the property; defendant gave a redelivery
bond; the Sheriff redelivered it to him; thereafter the de-
fendant surrendered the property to the Sheriff and it was
sold by agreement, the proceeds being applied to the debt;
the real estate was then sold, leaving a deficiency; suit was
then brought against the sureties upon the defendant's re-
delivery bond for the unpaid balance of the mortgage debt;
and judgment rendered against them therefor. Upon ap-
peal the Court held in an opinion by Mr. Justice Fraser:

"Claim and delivery is an action to determine the right to
the possession of personal property. When the right to the

possession is founded on an obligation to secure the payment of a debt, then the right to the possession depends upon the existence of a debt, but not its amount. * * * The judgment in such cases is for the possession of the chattels and damages for the wrongful taking or withholding of possession. * * * The form of the judgment was prescribed by the statute and it was not in contemplation of law that the liability of the sureties should exceed the scope of the action, to wit, the enforcement of the right of possession and damages for the unlawful taking or withholding."

But, it is contended, the bond obligated the surety, in the language of the statute "for the payment to him [the plaintiff] of such sum as may for any cause be recovered against the defendant," and that the surety is concluded by the judgment, although it may be void for the reasons above stated. Passing by the fact that the words "for any cause" are omitted from the present bond, the phrase necessarily limits the recovery to such sum as may lawfully be adjudged due to the plaintiff in a claim and delivery action. It would hardly be contended that the surety would be liable for any cause of action which might be lugged into the case, possibly by collusion between the plaintiff and the principal obligor.

In *New England Co. v. Bryant,* 64 Minn., 256; 66 N. W., 974, it is said:

"The expression, 'such sum as for any cause may be recovered against the defendant,' must be construed as meaning such sum as may, in connection with a judgment for a delivery of the property, be recovered as damages for its detention, or, perhaps, for any injury to it."

In *Dickson v. Bickershoff,* 48 Misc. Rep.,353; 95 N. Y. Supp., 585, it is held that the undertaking of the plaintiff in claim and delivery to answer for any sum which the judgment may award the defendant, has reference only to such damages as the statute authorizes in a replevin suit.

In *McKee v. Pope,* 57 Ky. (18 B. Mon.), 548, it is held that the liability of a defendant on a bond executed to the

plaintiff "to perform the judgment of the Court in this action" extends only to such judgment as the Court may render on the claim for possession of the property sued for.

It seems too plain for argument that the surety's obligation was simply to indemnify the plaintiff from any loss she might sustain by being compelled to release the property upon which she had a lien, to the possession of the defendant, pending the claim and delivery proceedings. She had a mortgage upon a certain automobile; it was past due; she had the legal right to take possession of the car, sell it at public outcry, apply the net proceeds to her debt, and sue the defendant for such deficiency as might arise. The defendant obstructs that program by giving bond and recapturing the car. The surety says to the plaintiff:

"You shall not suffer by that recaption; if the Court decides that you are entitled to the possession of the car, I will see that it is returned to you, or pay you the value of the car as of the time of the recaption, with such damages as may be adjudged against the defendant for the wrongful detention."

It seems indisputable that the surety's obligation does not mature until the condition of the bond has been fulfilled; an adjudication by the Court of a delivery of the car to the plaintiff, with an assessment of the value and damages. No such adjudication appears to have been made; instead, a money judgment for the debt secured by the mortgage, which the surety in no sense undertook to pay.

The clearly defined obligation of the surety carries with it equally clearly defined rights.

If the verdict and judgment had been as they ought to have been, for the recovery of the possession of the car or for its value, so much, with damages for the detention, the surety would have had the right, in satisfaction of that judgment, to deliver the car, in unimpired condition, to the plaintiff and pay the damages; or if the car could not be delivered, to pay the assessed value with damages, which could

only be the interest upon the assessed value (in the absence of punitive damages).

In *Gibbes v. Moore*, 107 S. C., 327; 92 S. E., 1033, the judgment in claim and delivery was properly in the alternative. The property held by the defendant under a redelivery bond was sold while in the possession of the defendant and the proceeds applied to the plaintiff's judgment for the value thereof. In an action upon the redelivery bond it was held that the surety was liable for the difference. The Court says:

"The defendants [parties to redelivery bond] had the right to deliver the property in kind in satisfaction of the judgment."

In *Finley v. Cudd*, 42 S. C., 121; 20 S. E., 32, it is said:

"It seems to us that the real object of the section of the Code under which this question arises is of a twofold character—first, to protect the rights of the true owner to regain possession of his property in specie, if practicable; second, to save the party who may be innocently, but illegally, in the possession of the property of another from being compelled to pay such value as the jury may see fit to place upon the property, by giving him the alternative of returning the property to its rightful owner, and only paying such damages for its detention as may be determined to be proper."

As it is, the judgment being for a specific sum of money, the surety is deprived of this right; he can satisfy the judgment only with money, whereas his obligation gave him the alternative.

In *Archer v. Long*, 47 S. C., 556; 25 S. E., 84, it is said:

"If the plaintiff returns the chattels adjudged to be the property of the defendant within a reasonable time, in as good condition as they were at the time the judgment was rendered * * * the judgment will thereby become inoperative, and satisfaction should be entered upon the record."

That was a case where the defendant had a verdict. The same rule should be applied for the benefit of the defendant when the plaintiff has a verdict.

In *McLeod v. Craig* (Tex. Civ. App.), 43 S. W., 934, it is held that where, in a suit for the enforcement of a mortgage, the property is seized by the plaintiff and the defendant gives a redelivery bond, the measure of liability on the bond is the value of the property at the date of the approval of the bond with legal interest.

In *Ward v. Hood,* 124 Ala., 570; 27 South., 916; 82 Am. St. Rep., 205, it is held that, a replevin bond being a guaranty for delivery of the chattels for satisfaction of a judgment, the measure of damages is the value of the chattels with interest.

In *Lutes v. Alpaugh,* 23 N. J. Law, 165, it is held that in an action on a bond given by the defendant in replevin on a claim of property, conditioned for a return of the goods, the measure of damages is the value of the goods.

The difference between the obligation of the surety to deliver the car or its value, and the proposed obligation to pay the judgment upon the debt, may under circumstances be very great. The debt may be many times the value of the recaptioned property; the hardship and injustice of re-quiring the surety to pay the debt, and not allowing him to satisfy the judgment by delivering the property or its value, are apparent.

Another consideration: If the surety be compelled to pay the amount of the judgment upon the debt, what recourse has he upon the mortgaged property? If he should be subrogated to the rights of the mortgagee against the property, it is practically certain that it would not compensate him for the payment of the judgment in a much larger amount.

The case of *Joplin v. Carrier,* 11 S. C., 327, has no application, for that was an action for damages resulting from a fraudulent conversion of the plaintiff's property. It was

not an action in claim and delivery, between which and an action for damages, such as it was, the Court holds that the plaintiff had his election. Of course, in an action for damages for conversion of personal property the judgment need not and should not be for the return of the property or to assess its value. *Williams v. Irby,* 16 S. C., 371. *Richey & Miller v. Du Pre,* 20 S. C., 6. *Reynolds v. Phillips,* 72 S. C., 32; 51 S. E., 523.

The case of *Reynolds v. Phillips,* 72 S. C., 32; 51 S. E., 523, turned upon the question of jurisdiction of a magistrate Court in an action for claim and delivery when the plaintiff sued for the recovery of personal property, or for its value, $100, together with $75 damages for the unlawful detention. The Court held very properly that the amount claimed exceeded the magistrate's jurisdiction. In the opinion there are certain obiter statements which are not strictly accurate, and which disclose a confusion of thought in reference to the two forms of action, claim and delivery and damages for an unlawful conversion. For it is said that in the ordinary action of claim and delivery in which judgment is asked for a delivery of the property or, if that cannot be hand, for its value, together with damages for the unlawful detention, "the complaint states two distinct causes of action, though in the alternative." While the statutory action of claim and delivery "is practically a combination of the former actions of replevin and trover," the fact that it is a "combination" is conclusive that it was intended to state a single cause of action, the remedy being an alternative judgment. Of course, if the plaintiff did not desire to invoke the statutory remedy of claim and delivery, he would be at liberty to sue for damages for an unlawful conversion (*Williams v. Irby,* 16 S. C., 371; *Richie & Miller v. Du pre* 20 S. C., 6), which is an entirely different course of proceeding. We do not understand the law to be that a plaintiff, having instituted a claim and delivery action, may upon the trial, at his election, without notice, convert it

into another, admittedly "distinct and independent," in violation of Section 436, Code of 1922, which forbids amendments changing substantially the claim. The conversion of an action in claim and delivery into an action for damages would necessarily deprive the defendant of the right to satisfy the judgment in claim and delivery by delivering the property in specie. See *Finley v. Cudd,* 42 S. C., 121; 20 S. E., 32, which is declared to be one of the virtues of the statutory proceeding.

It would seem that when the plaintiff claims the property by virtue of a past-due mortgage, and there is no evidence of a disposition or other conversion of it by the mortgagor, he would be strictly confined to the action of claim and delivery to secure possession of the property in order to subject it to his lien by public sale, and could not exercise an election to sue the mortgagor as for a conversion.

In the case of *Bolt v. Milam,* 110 S. C., 399; 96 S. E., 614, the complaint contained two causes of action: (1) On the note for the amount of the debt; (2) claim and delivery for the property covered by the mortgage securing the note. The plaintiff recovered judgment upon the note and also for possession of the mortgaged property, to be sold and the proceeds applied to the judgment debt. The sureties upon the forthcoming bond of the defendant were held liable for the amount of the judgment, credited with the proceeds of sale, under their undertaking to pay "such sum as may for any cause be recovered against the defendant." Assuming the correctness of that decision, it is distinguishable from the present action in that here no judgment upon the debt was asked for.

In the case of *Parish v. Smith,* 66 S. C., 424; 45 S. E., 16, the verdict and judgment were in proper form, for the return of the property valued at $300. The Court very properly held that—

"The sureties were liable to the full extent of the verdict properly rendered under the pleadings in the action against

R. J. Smith. They would have been liable to the full extent if the verdict had been rendered simply for a certain sum of money. We do not see why they should complain, when they were allowed to return the property described in the complaint instead of paying the value thereof assessed in money."

The verdict was not "rendered simply for a certain sum, of money"; the effect of such a verdict was not a question in the case, and the underscored statement is obiter. If the statement means that in an action of claim and delivery, where, under the statute, the main issue is the right of possession, and the verdict for the plaintiff must contain an assessment of the value of the property and damages, a verdict "simply for a certain amount of money," without finding the possession for the plaintiff and without indicating that the "certain sum of money" is the assessed value of the property or damages, is sufficient, we think that it is misleading and incorrect.

What had been said does not mean that the surety is discharged from his obligation upon the bond; it means that under that bond he is not liable for the judgment entered upon this particular verdict, founded as it is upon the debt.

The plaintiff has been compelled by the action of the surety to forego for the time being what might have been full security for her debt. She was at any rate entitled, but for his intervention, to subject the property to her debt. He has obligated himself to put her back in substantially the same position as she then occupied. He is still liable upon his bond therefor; that is, to return to the plaintiff the automobile in substantially the same condition as it was in when W. M. Willimon recaptioned it from the Sheriff, or to pay her for its then value with damages, if any. He, however, cannot be held liable upon his bond until it shall have been adjudicated by a verdict and judgment in the main cause that the plaintiff is entitled to recover possession of the

automobile or in the event that it cannot be delivered for its value with damages if any.

The plaintiff should be given leave to apply to the Circuit Court for an order vacating the verdict and judgment heretofore rendered in the claim and delivery action and reopening the case for a jury trial. If upon that trial the verdict should be in favor of the plaintiff, its form should be as indicated above under condition 3, and the judgment should be in the form also indicated.

The judgment of this Court is that the order striking out the answer of the defendant R. C. Willimon be reversed, and that the case be remanded to the Circuit Court for trial; that the plaintiff have leave to apply to the Circuit Court for an order vacating the verdict, and judgment in the original claim and delivery action, so far as the defendant R. C. Willimon is concerned, upon the ground that as to him they are nullities, and reopening the case for a jury trial upon the sole issues: (1) What was the value of the automobile at the time it was delivered to W. M. Willimon by the Sheriff, under the redelivery bond in question? (2) What amount of damages has the plaintiff suffered by reason of the detention of the automobile by the defendant W. M. Willimon, since demand was made upon him by the plaintiff therefor? The form of the verdict in that trial and of the judgment entered upon it should be as indicated in condition 3 herein.

The present action upon the bond shall await such trial, with leave to the plaintiff to serve upon defendants' attorneys thereafter a supplemental complaint setting forth the result of same, with such amendments as will conform to the conclusions herein.

MESSRS. JUSTICES WATTS and FRASER concur.

MR. JUSTICE MARION (dissenting): I am unable to agree that the proposition upheld in the majority opinion warrants a reversal. Aside from the consideration that the point sustained is not properly raised by the exceptions, I

do not think the conclusion reached is in accord with certain prior adjudications of this Court, which I see no sound reason for discrediting.

In the case of *Reynolds v. Philips,* 72 S. C., 32, 34; 51 S. E., 523, 524, this Court, speaking through the present Chief Justice, said:

"The satutory action of claim and delivery is practically a combination of the former actions of replevin and trover. Replevin was an action to recover the possession of specific chattels, together with damages for their unlawful detention. Trover was an action for damages arising out of the unlawful conversion of personal property. In so far as the plaintiff's action sought to recover the possession of the chattels it partook of the nature of replevin; but in so far as it claimed the value of the property and damages it resembled the action of trover. The action of claim and delivery is even more assimilated to the action of trover than to the action of replevin. *Tittle v. Kennedy,* 71 S. C., 1. The complaint, in effect, states two distinct causes of action though in the alternative. The dual nature of the action finds expression in the judgment which the plaintiff is entitled to recover in such action. The alternative judgment for the value of the property will be enforced as effectually as the judgment for the recovery of the possession of the chattel. *Archer v. Long,* 47 S. C., 556; 25 S. E., 84.

"The plaintiff has the right to elect whether he will bring his action to recover possession of the specific chattel, or for damages for the unlawful conversion. *Richey v. Du Pre,* 20 S. C., 6. Not only is he entitled to exercise this right before commencing his action, but he may make his election thereafter. It may even be made in the Circuit Court when there is an appeal from the judgment rendered in the magistrate's Court. *Joplin v. Carrier,* 11 S. C., 327. *Williams v. Irby,* 16 S. C., 371. The reason why the plaintiff is permitted to waive or withdraw one remedy and still recover upon the other, is because they are distinct and independent."

Under the foregoing views, it would seem clear that the plaintiff in her former action of claim and delivery had the right to elect to recover a money judgment for the amount of damages sustained as the result of an unlawful conversion of the property in question.   Where the plaintiff is a mortgage creditor, the amount of damages thus sustained obviously could neither exceed the value of the property nor the balance due on the mortgage debt, which latter amount would represent the plaintiff's special interest in the property.   *Greene v. Washington,* 105 S. C., 137, 142; 89 S. E., 649.   While the amount recovered in the action here in question appears to have been the amount of the mortgage debt, it was an amount less than the alleged value of the automobile and represented the plaintiff's special interest in the property.   Even if the plaintiff had not an absolute right in the claim and delivery action to elect to recover damages as for a conversion, to the extent of her special interest in the property, we see no reason why the defendant, W. M. Willimon, as a competent party to that action could not have waived his right, if any, to insist upon the recovery by plaintiff of a judgment for the delivery of the specific property or for its value and to have consented to the recovery of a money judgment for a sum less than the value of the chattel.   34 Cyc., 1544; *Richey v. Du Pre,* 20 S. C., 6.   Every presumption must be indulged in favor of the regularity of the proceedings and of the validity of the judgment rendered.   *Bardin v. Drafts,* 10 S. C., 493; *Parish v. Smith,* 66 S. C., 424; 45 S. E., 16.   I am, therefore, of the opinion that the form of the verdict and judgment rendered in the so-called claim and delivery action does not constitute such defect or infirmity apparent on the face of the record in that cause as entitled the defendant R. C. Willimon, in this action upon the redelivery bond, to impeach that judgment by collateral attack.   If so, as the Circuit Judge correctly held, the case is controlled by the principles announced and applied in *Thompson v. Joplin,* 12 S. C.,

580; *Parish v. Smith,* 66 S. C., 424, 431; 45 S. E., 16, and *Bolt v. Milam,* 110 S. C., 399, 401; 96 S. E., 614, and the appellant's contention should not be sustained.

MR. CHIEF JUSTICE GARY concurs.