## 12105

### MORRIS MOTOR COMPANY, INC., v. ALFORD *ET AL.*

#### (135 S. E., 557)

REPLEVIN—DELIVERY OF TRUCK TO SHERIFF, UNDER EXECUTION ENTERED ON JUDGMENT IN CLAIM AND DELIVERY ACTION, HELD RELEASE OF SURETIES ON BOND (CODE CIV. PROC. 1922, § 609, SUBD. 4).—Where plaintiff in claim and delivery action, after obtaining judgment for

possession of truck or its value had execution issued under Code
Civ. Proc. 1922, § 609, Subd. 4, and truck was delivered to Sheriff
under such execution and by him sold and proceeds credited on
plaintiff's claim delivery of truck by defendant released sureties
on bond given to prevent delivery to plaintiff at beginning of ac-
tion.

Before ANSEL, J., Greenville, December, 1925.   Affirmed.

Action by the Morris Motor Company, Inc., against H. K.
Alford and another as principal and surety on bond given in
a claim and delivery action.   Judgment for defendants and
plaintiff appeals.

*Messrs. Bowen & Bryson,* for appellant cite: *In claim
and delivery the delivery of chattel to adjudged owner
satisfies judgment:* 47 S. C., 566.   *Adjudged owner of
chattel in claim and delivery may, after failure to surrender
chattel, have same sold under execution and buy it in as
purchaser:* 107 S. C., 327; 92 S. E., 1033; 66 S. C., 424; 45
S. E., 16.   *Where language of bond in claim and delivery
is cumulative sureties are liable for additional costs even,
after delivery of chattel:* 45 S. E., 18.

*Messrs. Mauldin & Love,* for respondents cite: *Defend-
ant's bond in claim and delivery:* Code Civ. Pro., 1922 Sec.,
474.   *Proper form of verdict if plaintiff had suffered from
detention of the chattel:* 122 S. E., 503.   *No liability on
sureties where chattel is returned and there was no judgment
for damages for detention:* 122 S. E., 503; 114 S. C., 353;
68 S. C., 98; 47 S. C., 556.   *Levy on chattel by sheriff at
request of plaintiff amounts to surrender of chattel:* 21
Wallace 98; 23 R. C. L., 941.

November 18, 1926.

The opinion of the Court was delivered by Mr. JUSTICE
WATTS.

The following statement is taken from the printed re-
cord:

"During the month of May, 1922, Morris Motor Com-

pany brought an action in claim and delivery against W. V. Wilson, H. J. Alford, and Old Hickory Garage for the possession of one Dodge truck. H. J. Alford as principal, and H. B. Tindal, gave bond in the form provided by Statute to prevent the delivery thereof to plaintiff. Upon trial of the cause judgment was rendered in favor of plaintiff and against W. V. Wilson for possession of truck or its value. A few day subsequent to the rendition of judgment the truck was delivered to the sheriff under execution and by him sold at public auction, the proceeds credited upon the amount due by W. V. Wilson to plaintiff on note and mortgage. This action is a suit upon the defendant's bond given in claim and delivery action, and is for the deficiency after the credit of proceeds of sale of truck. Upon first trial of instant case the presiding Judge directed a verdict for plaintiff, subsequently granted a new trial, and, upon second trial, directed a verdict in favor of the defendants."

The exceptions are nine in number, and we will not consider them separately, as all complain of error on the part of his Honor in directing a verdict for the defendants.

The verdict was for the plaintiff against Wilson for the truck or its value. The truck was seized under execution issued by plaintiff's attorneys, under the judgment obtained by plaintiff. This execution was delivered by plaintiff's attorneys to the sheriff. He took possession of the truck and sold it. The respondents under their bond were liable only for the truck or its value up to $500. The verdict for the plaintiff was for the possession of the truck or its value, $250. The plaintiff issued execution, delivered execution to the sheriff, and he took possession of the same and sold it. There was no allegation of damage on account of detention or deterioration.

The respondents only became liable to deliver possession of the truck to the plaintiff or its value. When the truck was delivered to plaintiff or his agent, that released the sureties on the bond. When plaintiff's attorneys issued

execution under the judgment and put the execution in the hands of the sheriff to execute, and he took it under execution, that was a delivery as provided for in the bond, and released the sureties on the bond. We see no error as complained of. Under the whole case, his Honor was correct in directing the verdict he did.

All exceptions are overruled and judgment affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE and STABLER and MR. ACTING ASSOCIATE JUSTICE RAMAGE concur.

MR. CHIEF JUSTICE GARY did not participate.

MR. JUSTICE COTHRAN: I concur with Mr. Justice Watts in his disposition of this case. After the plaintiff had recovered a verdict for the recovery of the possession of the truck, valued at $220, he had the right to enter up judgment in conformity with that verdict (*Wilkins v. Willimon,* 128 S. C., 509; 122 S. E., 503), and to issue execution under Section 609, Subd. 4, of the Code. Under that execution the sheriff should have seized the truck and delivered it to the plaintiff, who then must have proceeded in the regular way to foreclose his chattel mortgage by advertisement and sale. While it appears that the counsel for the plaintiff had a conversation with the counsel for the defendants, which he construes as a demand upon him for the possession of the truck, this was evidently before the execution was issued, and the refusal, the provocation of the execution. It does not appear that any demand was made upon the sheriff for the possession after the levy, although opportunity therefore was presented during the period of advertisement. Manifestly, the sheriff was acting under the directions of the counsel for the plaintiff, who apparently concluded that a sale by the sheriff was an effectual as if the truck had been turned over to him by the sheriff and the plaintiff had proceeded in the regular way to foreclose. If that had been done, unquestionably the sureties would have been dischargd, and I think that the course pursued, intended to accomplish the same result, must be construed as

a delivery of the truck to the plaintiff, and its effect and discharge of the sureties.

MESSRS. JUSTICES BLEASE and STABLER and ACTING ASSOCIATE JUSTICE RAMAGE concur.