12703

## MANLEY v. BAILEY

(149 S. E., 119)

*Messrs. Richey & Richey, F. P. McGowan,* and *Grier, Park & McDonald,* for appellant,

*Messrs. Blackwell, Sullivan & Wilson,* and *Simpson, Cooper & Babb,* for respondent.

July 16, 1929.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE C. T. GRAYDON.

A trial of the issues in this case was had before Judge Featherstone and a jury at Laurens at the May term, 1928, of Court of Common Pleas. The jury rendered the following verdict: "We find for the plaintiff the possession of the property or the value of $200.00 and we find for plaintiff $300.00 punitive damages. L. P. Martin, Foreman, May 24, 1928." The exceptions raise three material issues.

1. The defendant excepts to the ruling of the Circuit Judge in refusing to direct a verdict as to punitive damages. Punitive damages in an action of this character can only be allowed for the willful taking or willful holding of the personal property of another. If there is any testimony to go to the jury upon which a reasonable verdict can be based on either or both of these questions, it is the province of the jury to decide this issue. A reading of the record discloses that the defendant had ample notice of the plaintiff's claim to the personal property in question, and that the defendant willfully refused to surrender the said property. This testimony is fully discussed in the order of the Circuit Judge refusing a new trial and was sufficient, if the jury believed it, to sustain punitive damages. Section 600, Vol. 1, Code of 1922.

The defendant seized the property of plaintiff and held it, and there was evidence that his action in so doing was in willful violation of the rights of the plaintiff. The jury having resolved this issue in plaintiff's favor, this Court will not disturb it.

2. Error is also alleged in several respects as to the charge of the Circuit Judge. We think that the charge of the Judge was on the whole correct and that the same stated a correct guide from which the jury was able to

reach a proper verdict. If the plaintiff proved her title to the personal property in question and that the defendant took said property and disposed of it, plaintiff would be entitled to recover the property or its value, and in addition such actual damages as she might have suffered by reason of the taking and withholding of the same.

The defendant complains that the doctrine of estoppel was not sufficiently explained to the jury. If the defendant desired any fuller instructions than were given by the Circuit Judge, he should have requested the same as required by law.

The defendant also complains of the charge of the Circuit Judge with reference to place of the sale of the property. The charge of the Circuit Judge was proper in this respect, and in any event this could not have affected the result of the case. The defendant complains also that the Circuit Judge erred in charging the jury that they could find a verdict for willful detention as well as willful taking. If there was a willful taking of necessity there was a willful detention. If there was neither willful taking nor willful detention, it was the duty of the Circuit Judge to direct a verdict. As stated above in the grounds for refusal to direct a verdict, there was sufficient evidence to go to the jury on these questions and there was no error in the charge of the Circuit Judge.

3. The defendant complains of the form of the verdict. A complete discussion of this matter is had by Mr. Justice Cothran in the case of *Wilkins v. Willimon,* 128 S. C., 509, 122 S. E., 503, where the various forms of verdict in actions of this character are discussed. Under the classification of Judge Cothran, the verdict in question is found under condition 2 which he states in correct form in the opinion at page 514 (122 S. E., 503). The verdict in this case was for the possession of the property or the value of $200, which sufficiently conforms to the law. Under the au-

thority of the above case and *Bardin v. Drafts,* 10 S. C., 493, the form of the verdict is sufficient.

All exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER and CARTER concur.

MR. CHIEF JUSTICE WATTS did not participate.