16964

JOE F. FLOYD and C. M. SMITH, Respondents, v. W. I. BURDEN, Chief of Police, Appellant

(85 S. E. (2d) 861)

*John K. Hood, Jr., Esq.,* of Anderson, *for Appellant,*

*Messrs. Agnew & Brooks* and *Watkins, Vandiver & Freeman,* of Anderson, *for Respondents,*

February 14, 1955.

STUKES, Justice.

The respondents recovered judgment in claim and delivery against the appellant for possession of two pin tables or, if possession could not be had, for their value, $600.00.

Appellant did not give bond to retain possession, Sec. 10-2510, Code of 1952, so the alternative relief was inappropriate. Such was a point of the appeal but upon oral argument appellant's counsel abandoned it as harmless, rather than reversible, error. For proper forms of verdicts and judgments in claim and delivery see *Wilkins v. Willimon*, 128 S. C. 509, 122 S. E. 503, 506, from which we quote: "If the plaintiff has given bond and has possession of the property at the time of trial, what sense would there be in requiring him to enter a judgment in the alternative?"

Apparently appellant had seized the tables under the mistaken belief that they are illegal gambling devices and subject to confiscation, but there is no present contention that they are. The evidence on trial is summarized in the record, in material part as follows:

"The testimony was that the plaintiffs were the owners of the two pin tables described in the complaint and, prior to their seizure, had placed one in 'The Smoker' and the other in 'Curley's Place,' both places of business in the City of Anderson owned and operated by others than the plaintiffs, under agreement with the owners or operators of the places that the money put into the tables by players would be divided between the plaintiffs and the owners or operators on a 50-50 basis, that after the tables were placed in these respective places of business the plaintiffs had no control whatever over the way in which the tables were operated, except to service them and collect and divide the money,   *   *   *   and that the tables were in the possession of the owners or operators of the respective places of business where they were seized by the defendant."

Upon the close of the evidence the appellant moved for dircted verdict upon the ground, *inter alia*, that there was no showing that respondents were entitled to maintain the action for possession. The motion was overruled as to the stated ground upon the conclusion that the respondents, being the owners of the machines, are entitled to possession, and their motion for judgment was granted.

Appellant's exceptions are based upon the contention that the respondents failed to prove that they were entitled to the possession of the tables. It is elementary that evidence of ownership of personal property raises a presumption of the owner's right to possession. We do not think that any fact appears in the testimony, quoted above, which may be held to overcome the usual presumption of the right of the owner to possession. On the contrary, it is a fair inference from the facts that respondents were entitled at any time to take possession of the tables from the operators of the places of business where the tables had been put by the respondents who were and are, admittedly, the owners of them. This is confirmed by the absence from the record of effort of third party claimants to the right of possession under Sec. 10-2515 of the Code. It may be reasonably inferred that "The Smoker" and "Curley's Place" were what were called "local custodians" in *Durant v. Bennett,* 4 Cir., 54 F. (2d) 634, the opinion in which was quoted and adopted by this court in *State ex rel. Daniel v. Kizer,* 164 S. C. 383, 162 S. E. 444, 81 A. L. R. 722.

Appellant cites cases such as *Steele v. Williams,* Dudley 16, and *Bell v. Monahan,* Dudley 38, where the plaintiff-owners had leased the property for the possession of which they brought unsuccessful actions during the lease periods, but they are inapplicable to the facts of this case.

Affirmed.

BAKER, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.