## 19595

STEPHENSON FINANCE COMPANY, INC., Respondent, v.
W. D. McINTYRE, d/b/a Mac's Used Cars, Appellant

(195 S. E. (2d) 595)

*Messrs. J. Clator Arrants* and *Donald Holland,* of Camden, *for Appellant,*

*Messrs. Holland & Furman,* of Camden, and *John W. Foard, Jr.,* of Columbia, *for Respondent,* ▉▉▉▉▉▉▉

March 26, 1973.

Lewis, Justice:

Plaintiff, Stephenson Finance Company, Inc., and defendant, W. D. McIntyre, d/b/a Mac's Used Cars, entered into a security agreement on April 25, 1968, under which plaintiff financed the purchase of automobiles by defendant on a "floor-plan" basis for resale and then purchased the retail contracts when the defendant sold the vehicles. The parties transacted business under the security agreement until August 2, 1971, when plaintiff instituted this action in claim and delivery to obtain possession of a number of automobiles held by defendant under the floor-plan arrangement, alleging in the complaint that the conditions of the security agreement had been broken "by default in the payment of the installments due thereon, as provided by said mortgage." Plaintiff filed the necessary undertaking and took immediate possession of the automobiles. No redelivery bond was filed by defendant and the property was sold prior to trial for the sum of $10,000.00, leaving a balance due by defendant of $5,975.37.

While defendant did not execute a redelivery bond, he filed an answer in which he denied the material allegations of the complaint and interposed a counterclaim for damages for the alleged wrongful and willful taking of the automobiles.

Upon the trial of the case, the security agreement was admitted in evidence, over the objection of defendant, together with testimony that defendant had violated the terms thereof by (1) giving checks to plaintiff which were returned from the bank for insufficient funds, (2) providing plaintiff with a false financial statement, and (3) placing at the same time a lien over one of the automobiles to both plaintiff and a Bank. Defendant objected to the foregoing testimony upon the ground that claim and delivery was sought solely because of "default in the payment of the installments due" and that the testimony was irrelevant to that issue.

The trial resulted in a verdict by the jury in the following form: "We find for the defendant." Under the instructions of the Court, the effect of the verdict was to allow plaintiff to retain possession of the automobiles in full satisfaction of its claim against defendant and to deny defendant any amount on his counterclaim. Defendant has appealed from the verdict and judgment, charging that a new trial should be ordered because of alleged error in the trial (1) in admitting the security agreement in evidence, (2) in allowing testimony of violations of the security agreement other than default in payments, and (3) in the form of the verdict.

Evidence concerning the security agreement and the violation of its term was properly admitted in evidence.

Admittedly, the parties entered into the security agreement. It provided under paragraph 12 thereof that the occurrence of the following events, among others, would constitute a default: (1) Failure by defendant to pay any of the liabilities when due by acceleration or otherwise; (2) the making or furnishing by defendant to plaintiff of any representation, warranty, financial statement or other information which is materially false; and (3) plaintiff, the secured party, shall deem itself insecure, in good faith believing that the prospect of payment of any of the liabilities of the agreement is impaired. Paragraph 12 of the agreement further provided that "upon occurrence of any event of default; Secured Party is authorized in its discretion to de-

clare any or all of the liabilities to be immediately due and payable without demand or notice to Debtor", etc.

Therefore, under the terms of the security agreement, plaintiff was authorized to declare defendant's entire liability thereunder immediately due and payable upon the occurrence of any of the events which the parties had agreed would constitute a default. One of these events was failure to pay any liability when due by acceleration or otherwise. The agreement did not limit default because of nonpayment to only those instances where a scheduled payment was not timely made, but gave plaintiff the right to require immediate payment of any balance upon the giving by defendant of a false financial statement or upon the occurrence of any event which would justify a good faith belief on the part of plaintiff that the prospect of payment by defendant was impaired. Plaintiff declared the entire balance immediately due and payable and was entitled to introduce evidence to show any fact or circumstance which would tend to establish its right to do so.

While defendant objected to the admission of the security agreement, his objection was directed more to testimony offered to show default in its terms than to the agreement itself. This was indicated by counsel for defendant when he stated to the trial judge: "I don't mind the document going in so much, but I want the plaintiff to be bound by the allegations that he's expressed in his complaint . . . and that was because he was in default in his payments." Regardless however, the security agreement was signed by defendant and it set forth the terms and conditions of the loan agreement between the parties. This action was based upon the alleged violation of its terms and it was clearly relevant to the issues.

In establishing default by defendant in the payment of the amount due under the agreement, plaintiff introduced testimony, over defendant's objection, to the effect that, although subsequently made good, defendant had on several occas-

sions mady payment by checks which had been returned by the bank for insufficient funds; that defendant had furnished false financial statements to plaintiff; and that defendant had placed liens at the same time over certain property to both plaintiff and a bank. There was also testimony that, because of the occurrence of the foregoing events, plaintiff had declared the remaining liability under the security agreement immediately due and payable; that defendant was indebted to plaintiff in the sum of $17,258.37 at the time of the institution of the action; that demand had been made for payment of that amount; and that, upon failure of defendant to pay, this action was instituted.

The basis for the present action, as alleged in the complaint, was "default in the payment of the installments due . . ., as provided by said mortgage (security agreement)." The objection by defendant to the testimony relative to the giving of the false financial statement, bad checks, and multiple liens on the same vehicle was, in essence, that such testimony failed to show "a default in the payment of installments due" and, its admission in evidence amounted to permitting plaintiff to proceed upon a different ground or theory from that alleged in the complaint as the basis for the action.

The fact that the complaint referred to the condition broken as the failure to pay "installments due" under the mortgage is of no material consequence. The complaint clearly informed defendant that the breach of condition relied upon was the failure to pay the amount due under the security agreement. The testimony established, as found by the verdict of the jury, that defendant had breached the terms of the security agreement entitling plaintiff to declare, as it did, the balance of defendant's liability due and payable. This right to accelerate the time of payment upon breach of the named conditions was specifically provided for under the written agreement. The failure of defendant to pay the unpaid balance, after breach of the conditions and

demand by plaintiff, amounted to a failure to make payment when due.

The foregoing testimony, therefore, formed the basis for the allegation that defendant had defaulted in the payment of the amount due and did not change the ground upon which the action was based. It was clearly relevant to the issues and was properly admitted in evidence.

Finally, defendant challenges the form of the verdict contending that it is void and should be set aside because the jury failed to assess the value of the property taken under claim and delivery. He relies upon the decision in *Wilkins v. Willimon,* 128 S. C. 509, 122 S. E. 503, which sets forth the forms of verdicts in such cases.

The verdict returned in this case was in one of the forms expressly permitted under the instructions to the jury, to which no objection was made at the conclusion of the charge or when the verdict was rendered. If the defendant considered that the court erroneously instructed the jury as to the issues and the forms of verdict that might be rendered, it was his duty to raise the question when, in the absence of the jury, opportunity was afforded to do so at the conclusion of the charge. Section 10-1210, 1962 Code of Laws. Having failed to object at that time, defendant cannot now complain.

Judgment is accordingly affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.