## 20276. TRICE *v.* CABERO.

STEPHENS, J. 1. This being a suit against a surety on a replevy bond given by the defendant in a suit in trover, the execution of which bond the defendant denied, and there being testimony of the plaintiff that on several occasions the defendant had stated that he signed the bond sued on, the evidence was sufficient to authorize the inference that the defendant executed the bond.

2. It appearing that the plaintiff in the present suit, which is one to recover against the surety on a replevy bond executed by a defendant in a suit in trover, had in the suit in trover sued for the conversion of a number of bales of cotton and other property, and had obtained a money verdict for the value of the cotton only, and a special lien on the cotton for the security of the judgment, and there was adduced upon the trial of the present suit evidence that the plaintiff in the present suit, who was the plaintiff in the suit in trover, had, after the execution of the bond, taken possession of certain property, other than the cotton, which had been in the possession of the principal on the bond, who was the defendant in the suit in trover, some of which property was of the description of some of the property which was the subject-matter of the suit in trover, for the alleged conversion of which no verdict was found in the suit in trover, but since there was nevertheless adduced evidence that the plaintiff claimed title to the property which he had thus taken, upon the ground that the property had been produced by the defendant in the suit in trover, as the plaintiff's cropper, the evidence does not demand the inference that the property taken by the plaintiff was the property of the defendant in the suit in trover, who is the principal on the replevy bond, or that the plaintiff had any lien upon this property by virtue of the judgment in the suit in trover. It therefore does not appear as a matter of law that the action of the plaintiff in taking the property which had been in the possession of the defendant in trover, and in claiming title thereto, increased the risk of the surety on the replevy bond of the defendant in trover, or that the value of the property thus taken by the plaintiff should be credited upon the judgment obtained by the plaintiff in the suit in trover, and for the payment of which the replevy bond was conditioned.

3. Where, however, it appeared without contradiction from the evidence adduced upon the trial of the present case that the present plaintiff, who was the plaintiff in the suit in trover, after the execution of the replevy bond and after the rendition of the verdict and judgment in his favor establishing a special lien upon the cotton, took possession of the cotton, although this act of the plaintiff might have increased the risk of the surety, it did not operate to discharge the surety from the entire indebtedness, but operated to discharge the surety pro tanto only in the amount of the value of the cotton. *Marshall* v. *Dixon*, 82 *Ga.* 435, 437 (9 S. E. 167). There being evidence as to the true value of the cotton at the time the plaintiff took possession of it, which was less than the amount of the plaintiff's verdict and judgment in the suit in trover, and it not appearing conclusively and without contradiction from the evidence that the surety had been released by the act of the plaintiff in taking the other property, or that this property belonged to the principal on the bond and should be credited on the judgment, and there being evidence to authorize the inference that the defendant in the present suit, who it is alleged was surety upon the replevy bond in the trover suit, executed the bond as surety and became liable thereon as such, the court erred in directing a verdict for the defendant. It was therefore error to overrule the plaintiff's motion for a new trial.

818

4. On a rehearing the opinion is rewritten, but the judgment is adhered to.
Judgment reversed. Jenkins, P. J., and Bell, J., concur.
DECIDED MAY 17, 1930.
ADHERED TO ON REHEARING, SEPTEMBER 26, 1930.

H. E. Coates, for plaintiff. Lawson & Ware, for defendant.