James M. Walsh, Late Sheriff of Sangamon County, Illinois, for the Use of Universal C. I. T. Credit Corporation, Plaintiff-Appellee, v. Barbara J. Thompson and Goldie Newton, Individually, and Goldie Newton, Barbara J. Thompson, and Theron Newton, as Heirs at Law of Louie Newton, Deceased, Defendants.

Goldie Newton, Individually and as Heir at Law of Louie Newton, Deceased, Defendant-Appellant.

Gen. No. 10,252.

Third District.

February 18, 1960.

Rehearing denied April 6, 1960.

Released for publication April 6, 1960.

G. W. Horsley, of Springfield, for Goldie Newton, defendant-appellant.

Conrad Noll, Jr., of Springfield, for plaintiff-appellee.

474

JUDGE CARROLL delivered the opinion of the court.

The defendant, Goldie Newton, individually and as an heir at law of Louie Newton, deceased, appeals from a judgment of the Circuit Court of Sangamon County entered August 29, 1958, in a suit on a forthcoming bond.

The record discloses that the judgment under review was preceded by protracted litigation which began September 8, 1951, when Universal C. I. T. Credit Corporation, (referred to herein as Universal) sued out a replevin writ against the defendant Barbara Thompson to recover possession of a 1951 Hudson automobile. The Sheriff of Sangamon County executed said writ by taking possession of the automobile from Thompson. On September 10, 1951, Thompson, as principal, and her father and mother, Louie and Goldie Newton, as sureties, executed a forthcoming bond in the sum of $4000 in favor of James M. Walsh, Sheriff of Sangamon County. Said bond was on the usual condition that the defendant would defend the replevin action and deliver the property in accordance with the order of court in as good condition as when the action was commenced and would pay any costs and damages that might be adjudged against her in such action. The sheriff thereupon delivered possession of the automobile to Thompson. On September 18, 1951, Universal filed its complaint in the replevin action against Thompson. On December 4, 1951, the Circuit Court allowed the motion of Universal for judgment on the pleadings and entered judgment in its favor for possession, costs and charges of the suit. On December 7, 1951, a writ of *retorno habendo* issued and was served on Thompson on December 15, 1951. On December 16, 1951, the Sheriff took the automobile from the possession of Thompson and stored it in the Forgas Garage in Springfield, Illinois, where it re-

475

mained in dead storage. Thompson perfected an appeal from the judgment of December 4, 1951, and on March 20, 1953, this court reversed the judgment of the trial court and remanded the cause for trial on the merits. (Universal C. I. T. Credit Corporation v. Thompson, 349 Ill. App. 464.) On December 3, 1953, following a trial on the merits, judgment was entered in favor of the plaintiff which provided that Universal have and recover possession of the automobile together with costs and ·charges of suit and it was ordered that the Sheriff forthwith deliver possession of said automobile to Universal. Included in the judgment order was a finding by the court that the said automobile had been and was in the possession and custody of the Sheriff of Sangamon County. On February 27, 1954, Thompson filed a notice of appeal which was not perfected and on October 5, 1954, the same was dismissed by the Appellate Court.

On November 10, 1954, Universal petitioned the Circuit Court for a rule upon the then Sheriff of Sangamon County to show cause why he should not be held in contempt of court for failure to deliver possession of the automobile to Universal as directed by the judgment of December 3, 1953. The Sheriff answered said petition by setting up a claimed lien on the part of the garage keeper into whose custody the Sheriff had delivered the automobile on December 17, 1951. On December 31, 1954, after a hearing on said petition, the court made a finding that the automobile was in the possession of the Sheriff and that on November 5, 1954, plaintiff Universal had made written demand on the Sheriff for possession of said automobile and ordered the Sheriff to forthwith relinquish and deliver up possession of the automobile to Universal. The court further ordered that when said Sheriff had served a copy of the order upon Forgas Garage, he would be deemed to have delivered possession and

custody of said automobile to Universal. The order further provided that any sum paid by Universal for storage of said automobile from December 17, 1951, to December 31, 1954, be taxed as costs in the proceeding. Thereafter on December 31, 1954, the Sheriff served a copy of the order on the Forgas Garage and delivered possession of the automobile to Universal.

On June 3, 1955, this action was commenced in the name of the Sheriff of Sangamon County for the use of Universal against the principal and sureties on the forthcoming bond furnished by Thompson in the original action. The death of Louie Newton, one of the sureties, being suggested on the record, his heirs, namely Goldie Newton, Barbara Jane Thompson and Theron Newton were joined as defendants.

The court tried the cause without a jury and found that the value of the 1951 Hudson automobile on September 8, 1951, was $2000; that between September 8, 1951, and December 31, 1954, its value had depreciated $1300; that plaintiff had paid $1055 for towing and storage of said automobile from December 17, 1951, to December 31, 1954; that plaintiff had incurred attorney's fees in the replevin suit to the extent of $3000; and that plaintiff had expended $432.23 for costs in the replevin action. The court further found the amount of the bond sued on to be $4000 and entered judgment for plaintiff in that amount. The defendant, Goldie Newton, individually as an heir at law of Louie Newton, has appealed.

The Replevin Act provides that a writ of replevin shall be executed by seizing the property described therein and forthwith delivering same to the plaintiff unless the defendant executes a forthcoming bond in double the value of the property seized, conditioned that the defendant will appear in and defend the replevin action and will deliver the property in accordance with the order of the court in as good condition

477

as it was when the action was commenced and "will pay all costs and damages that may be adjudged against him in such action" (Sec. 14, Chap. 119, Ill. Rev. Stats. 1955). Section 25 of the Act provides that if the conditions of a forthcoming bond are broken an action may be brought on such bond "for the recovery of all damages and costs as have been sustained in consequence of the breach of such condition."

The breach of the bond charged in the complaint is that Thompson did not prosecute her suit with effect; that on December 3, 1951, on the trial of the replevin suit, the court found the issues for Universal and ordered that it recover possession of the automobile from defendant and ordered the Sheriff to forthwith deliver possession of the automobile to Universal. It is to be noted that as a condition of her bond, Thompson was not required to prosecute her suit with effect. She was the defendant and was not prosecuting a suit. The obligation of prosecuting the suit rested upon Universal and was a condition of its replevin bond. The condition of Thompson's bond required only that she appear in and defend the replevin action. The complaint does not allege failure of Thompson to deliver the automobile in accordance with the order of the court, but does allege that on December 3, 1951, a judgment was entered in favor of Universal for recovery of possession of said automobile from Thompson and that the Sheriff was ordered to deliver such possession to Universal. It therefore appears to be plaintiff's theory that because the Sheriff, instead of returning the automobile to Universal as he was commanded to do by the writ of *retorno habendo* issued December 7, 1951, stored the same in the Forgas Garage, the defendant Thompson must be held to have breached the condition of the bond requiring her to deliver up possession of said automobile in accordance with the order of the

478

court. In other words, it appears that plaintiff contends that despite the fact that the Sheriff deprived her of the physical possession of the automobile on December 16, 1951, and stored the same in the Forgas Garage where it thereafter continuously remained, it was the duty of Thompson to take the automobile from the Sheriff and deliver the same to Universal.

It is defendant's contention that there was no breach of the condition of the forthcoming bond for return of the property in question, for the reason that such a return had been accomplished by the action of the Sheriff in taking the property under a writ of *retorno habendo* obtained by the plaintiff.

It is undisputed in the record that on December 16, 1951, pursuant to a writ of *retorno habendo,* the Sheriff took possession of the automobile. His return on said writ recites "I took possession of the within described goods and chattels to be delivered to plaintiff, Universal C. I. T. Credit Corporation, a corporation, according to the command of said writ." That said automobile remained in the possession of the Sheriff from December 16, 1951, to December 31, 1954, is likewise undisputed. In its judgment order of December 3, 1954, the court found that the automobile had been and then was in the possession and custody of the Sheriff of Sangamon County. Again on December 31, 1954, in an order entered in a contempt proceeding against the Sheriff for failure to surrender possession of the automobile to plaintiff, the court made a similar finding. When the Sheriff took possession of the automobile under the replevin writ, instead of delivering the seized property to plaintiff, he took Thompson's forthcoming bond. This bond stood in place of the property described in the writ. Logically it would seem to follow that when the Sheriff acting under a writ of *retorno habendo* procured by plaintiff later took the property into his possession, and regardless of what

479

he did with it, there no longer existed an obligation on the part of Thompson to return the property to Universal. The command of the writ in which the Sheriff took possession of the automobile was to deliver the same to Universal and the possession of the officer must be held to be that of Universal.

In answer to defendant's contention, plaintiff urges that since a return of the automobile had been adjudged, it became the duty of Thompson to take active measures to surrender the automobile to Universal. What active measures Thompson might have taken is not suggested and this is understandable since the automobile was already in the possession of Universal. If Thompson had been permitted to hold the automobile pending the disposition of the replevin action, then there might be merit in plaintiff's argument.

We have found no Illinois case in which the exact question presented by the instant record has been considered. However, the courts of other jurisdictions appear to have held that in a replevin action, seizure of property by an officer under a writ of *retorno habendo* constitutes satisfaction of a forthcoming bond for return of such property. In Douglass v. Douglass, 88 U. S. (21 Wall.) 98, 22 Lawyer Ed. 479, William Douglass sued out a writ of replevin under which certain greenhouse plants were seized and returned to him. The court upon motion of the defendant, Henry Douglass, ordered the articles returned to him upon his giving a bond containing the following condition:

"Now the condition of this obligation is such, that if the said Henry Douglass shall and will return the goods and chattels in said declaration mentioned, if the same be adjudged, and in all things stand to, abide by, and perform and fulfil the judgment of the said court, then the above obligation to be void; otherwise to be and remain in full force and virtue in law."

The judgment in the replevin action was that the articles be restored to William Douglass and that he recover costs and have execution for return of the replevined articles. In a suit on the forthcoming bond the defendant filed a plea that plaintiff had caused a writ of *retorno habendo* to issue under which the marshal seized the goods in question which were thereupon tendered to plaintiff. A judgment was entered for plaintiff and defendant brought error to the United States Supreme Court. In an opinion reversing the judgment, the Supreme Court said:

"The exceptions taken by the defendant are all well taken. The central and controlling question in the case is the effect of the seizure of the property by the marshal, and its tender to the plaintiff. He sued out the writ. It went into the hands of the marshal by his procurement. He was the actor in causing its issuance and service. The marshal acted for him. He cannot be permitted to play fast and loose with the process he invoked. The marshal's possession was his possession. As soon as it was taken the efficacy of the bond touching the return of the property was at an end. . . ."

"If no writ *de retorno habendo* had issued it would have been the duty of the defendant to seek the plaintiff and deliver the property to him if he would receive it. Had the defendant failed to do this, there would have been a breach of the bond and he would have been liable. The action taken by the plaintiff obviated the necessity of his doing anything in that way."

In Carrico v. Taylor, 3 Dana (Ky) 33, the plaintiff in a replevin action failed to establish his right to possession and the sheriff took the replevined property under a writ *de retorno habendo*. The court in holding the condition for return of the property to be satisfied, said:

481

"The effect and object of that condition is, that the obligors shall have the property forthcoming, to be delivered to the obligee in the event of the plaintiff's failure to establish his right, and the writ *de retorno habendo* is a proper mode of demanding the delivery. The possession of the property by the sheriff, under that writ, is in truth the possession of the party who sues out the writ, and he cannot, after such possession, say the obligor has failed to make return of it. If it were admitted that the obligor in the bond was bound to seek the obligee, and make personal delivery of the property, he must have reasonable time for so doing, and if before the lapse of such reasonable time the writ *de retorno habendo* is resorted to by the plaintiff, the delivery under that writ must still be a discharge of the obligation, since it is by the election of the obligee. This appears to have been the fact in the present case."

Other cases in which this same rule was applied are Morris Motor Co., Inc. v. Alford, 137 S. C. 446, 135 SE 557; Trice v. Cabero, 41 Ga. App. 816, 155 SE 54. In 46 Am. Jur., Replevin Sec. 129, this rule is stated as follows:

"When a return of personal property is adjudged in an action for its recovery, it is the duty of the plaintiff, if he has secured possession thereof pending the litigation, to take active measures to redeliver it, within a reasonable time, in the same condition as when taken, to the holder of the judgment. Where, however, a writ de retorno habendo has issued and the property has been seized thereunder, the defeated party is relieved of the necessity of seeking the successful party and tendering a return of the property."

In Kernott v. Behnke, 311 Ill. App. 389, in which the subject matter of a replevin action was in the hands of the clerk of the court when it was ordered to be returned to the defendant, the Appellate Court held that

possession was not in plaintiff and no damages for its use could be assessed.

The record in the case at bar establishes that at no time subsequent to December 16, 1951, was the automobile in the possession of Thompson. There is no proof that after said date Thompson detained the automobile and no damages for detention were assessed against her either by the judgment which was appealed or by that entered on December 3, 1953. The record affords no explanation of the Sheriff's action in storing the automobile in the Forgas Garage when the writ under which he was proceeding commanded him to deliver the said automobile to Universal. No supersedeas was in effect nor did the Sheriff assign any reason for his failure to execute the writ in accordance with the command thereof. Accordingly we are constrained to hold that Universal gained possession of the automobile on December 16, 1951. Whether it used the automobile or stored it in the Forgas Garage was of no concern to Thompson. The condition of the forthcoming bond given by Thompson was that she would appear in and defend the replevin action and deliver the property in accordance with the order of the court and pay all costs adjudged against her in the replevin action.

The automobile having been returned in accordance with the condition of Thompson's bond, her sureties can be held liable only to the extent of the costs and damages, if any, that were adjudged against her in the replevin action. However, such costs and damages are limited to those taxed in the judgment in the replevin action and do not include any costs or charges taxed by the court in its order of December 31, 1954, in the contempt proceedings brought by Universal against the Sheriff of Sangamon County.

Having reached the conclusion that the condition of the bond for return of the property in question was satisfied when Universal came into possession thereof

483

on December 16, 1951, the judgment is reversed and the cause remanded with directions to enter judgment in favor of plaintiff against Goldie Newton, individually for such costs and damages as may have been adjudged against her principal in the replevin action.

Reversed and remanded with directions.

REYNOLDS, P. J. and ROETH, J., concur.